IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA CASTELLI, Individually and as Class Representative<br><br>Plaintiff,<br>v.<br><br>JSN NETWORK, INC. and MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS AND BASKIN ROBBINS,<br><br>Defendant. | Case No.<br><br>**JURY DEMAND** |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, BRIANNA CASTELLI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, and in complaining of the Defendants, JSN NETWORK, INC. and MCHENRY DONUTS, INC. d/b/a DUNKIN' DONUTS AND BASKIN ROBBINS, alleges as follows:

Introduction

1. At the heart of this case is the Defendants' false assertion that, despite owning 52 Dunkin' Donuts and Baskin Robbins restaurants, they do not have to comply with the Federal Family and Medical Leave Act ("FMLA"). The reason Dunkin' Donuts and Baskin Robbins discharged Ms. Castelli was because she insisted to her Defendant employer that they were subject to the laws contained in the Federal Family and Medical Leave Act. The harm caused by this Defendant is to every employee of their 52 Dunkin' Donuts and Baskin Robbins locations.

2. In violation of the Federal Family and Medical Leave Act, 29 U.S.C. 2611, Dunkin' Donuts and Baskin Robbins fired store manager Brianna Castelli because she requested unpaid time off to care for her autistic child. Dunkin' Donuts and Baskin Robbins also fired

Brianna Castelli because she requested 10 working days off to address the death of her father in violation of the Illinois Family Bereavement Leave Act.

3. Ms. Castelli's discharge interfered with her FMLA rights, 401(k) rights, paid time off rights, bereavement rights, and was in retaliation for her attempt to exercise her rights.[1]

## Jurisdiction and Venue

4. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5(f), this being a proceeding to enforce rights and remedies secured to Plaintiff by the FMLA, 29 U.S.C. § 2601 et seq. Jurisdiction of this Court is proper under Section 107(a)(2) of the FMLA, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1331 as this action involves the application of federal law. This Court has supplemental jurisdiction over Counts I and VI under 28 U.S.C. § 1367.

5. The Northern District of Illinois is the proper federal venue for this action pursuant to 28 U.S.C. § 1391 because Defendants reside in the Northern District and their unlawful actions occurred in the Northern District.

## Parties

6. Plaintiff Brianna Castelli is domiciled in Fox Lake, Illinois.

7. JSN Network, Inc. is an Illinois corporation whose registered agent is Alka Patel located at 1180 Heather Drive, Lake Zurich, Illinois 60047. JSN Network, Inc. is owned by Suresh Patel, Nilesh Patel, and J.P. Patel.

8. McHenry Donuts, Inc. is an Illinois corporation whose registered agent is Suresh Patel located at 485 S. Rand Road, Lake Zurich, Illinois 60047. McHenry Donuts, Inc.'s principal place of business is at 4502 Elm Street, McHenry, Illinois 60050.

---

[1] Under the franchise agreement with the parent company, the Defendants are solely responsible for all employee decisions, including hiring, discharging, and setting wages and terms of employment.

9. According to the employment contract, Plaintiff's primary job responsibly was to be the store manager at the Elm Street location. However, this location could be changed from time to time when the franchisee desired to move Brianna Castelli as an employee to any location.

10. The Defendants' restaurants are located at the following locations[2]:

| | | |
|---|---|---|
| 108 S. North West Hwy | Barrington | 60010 |
| 1179 W. Park Avenue | Libertyville | 60048 |
| 12090 Princeton Drive | Huntley | 60142 |
| 121 N. Milwaukee Avenue | Libertyville | 60048 |
| 1300 Hicks Road | Rolling Meadows | 60008 |
| 14010 West Rockland Road | Green Oaks | 60048 |
| 1609 Grand Avenue | Waukegan | 60085 |
| 16145 W. IL Route 173 | Wadsworth | 60083 |
| 1711 West Main Street | St. Charles | 60174 |
| 1800 N. Lewis Avenue | Waukegan | 60085 |
| 21 S. Green Bay Road | Waukegan | 60085 |
| 2101 Sheridan Road (Rt. 137) | Zion | 60099 |
| 245 Randall Road | South Elgin | 60177 |
| 2592 N. IL Route 83 | Round Lake | 60073 |
| 280 N. Randall Road | Lake In The Hills | 60156 |
| 2829 22nd Street | North Chicago | 60064 |
| 2900 Belvidere Road | Waukegan | 60085 |
| 2911 N. Richmond Road | Johnsburg | 60051 |
| 3092 N. Skokie Hwy | Lake Bluff | 60044 |
| 34484 Hwy 45 | Third Lake | 60030 |
| 346 N. Lake Street | Mundelein | 60060 |
| 351 S. Randall Road | Elgin | 60123 |
| 369 E. Rollins Road | Round Lake | 60073 |
| 3837 E. Main Street | St. Charles | 60174 |
| 39090 N. U.S. Highway 41 | Wadsworth | 60083 |
| 3925 Fountain Square Place | Waukegan | 60085 |
| 4005 W. Algonquin Road | Algonquin | 60102 |
| 422 Washington Street | Waukegan | 60085 |
| 435 Milwaukee Avenue | Lincolnshire | 60069 |
| 442 Orchard Street | Antioch | 60002 |
| 4502 W. Elm Street | McHenry | 60050 |

---

[2] Plaintiff has been unsuccessful in identifying the corporate names of each restaurant other than McHenry Donuts, Inc.

| | | |
|---|---|---|
| 4551 IL Route 173, Unit 2 | Zion | 60099 |
| 469 W. Liberty Street | Wauconda | 60084 |
| 475 E. Hwy 173 | Antioch | 60002 |
| 485 S. Rand Road | Lake Zurich | 60047 |
| 510 Auburn Drive | Island Lake | 60042 |
| 514 Randall Road | South Elgin | 60177 |
| 540 Cluverius Avenue | Great Lakes | 60088 |
| 5414 Grand Avenue | Gurnee | 60031 |
| 617 Front Street | McHenry | 60050 |
| 700 E. U.S. Highway 45 | Mundelein | 60060 |
| 700 N. Milwaukee Avenue | Vernon Hills | 60061 |
| 707 Rockland Road | Lake Bluff | 60044 |
| 722 S. IL Route 83 | Mundelein | 60060 |
| 751 N. Fairfield Road | Round Lake | 60073 |
| 80 Tyler Creek Plaza | Elgin | 60123 |
| 801 E. Dundee Road | Palatine | 60074 |
| 817 E. Belvidere Road | Grayslake | 60030 |
| 83 W. Belvidere Road | Hainesville | 60030 |
| 9800 Route 47 | Huntley | 60142 |
| Illinois Tollway 13783 W. Oasis Service Road | Lake Forest | 60045 |

## Background Facts

11. JSN Network, Inc. had at least 50 employees in 2023 and 2024 for at least 20 weeks. Plaintiff has worked for Defendants since September 19, 2022 and has worked at least 1,250 hours in the year prior to her termination on April 8, 2024. At least 50 of the Defendants' employees work at a location within a 75 mile radius.

12. The Defendants have falsely told all their employees that the Family and Medical Leave Act passed by Congress does not apply to the Defendants.

13. The FMLA provides eligible employees up to **twelve weeks of unpaid leave** in any twelve-month period for personal medical conditions or **to attend to familial obligations, such as caring for a loved one who has a series health condition**. 29 U.S.C. §§ 2612, 2615. The Act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of

4

or the attempt to exercise, any right provided under [the FMLA]," 29 U.S.C. § 2615, and the Act provides for a private right of enforcement, 29 U.S.C. § 2617(a). The primary aim of the FMLA is "to balance the demands of the workplace with the needs of families…in a manner that accommodates the legitimate interests of employers…" 29 U.S.C. § 2601(b)(1) & (3).

14. Federal law requires that the employer notify the employee of FMLA entitlements and employee obligations through its employee handbook and *also* provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining the consequences of a failure to meet these obligations. 29 C.F.R. § 825.301(a)(1), (b)(1). The notice shall be given within a reasonable time after notice of the need for leave is given by the employee – within one or two business days if feasible. 29 C.F.R. § 825.301(c). When a medical emergency requires an employee to care for a family member's serious health condition, written advance notice pursuant to an employers' internal rules and procedures may not be required when FMLA leave is involved. 29 C.F.R. § 825.303(a). In such a case, the employee should provide notice to the employer either in person or by telephone or other electronic means. 29 C.F.R. § 825.303(b). The employee need not expressly assert rights under the FMLA or even mention the FMLA but may only state that leave is needed. *Id.*

15. The Defendants violated FMLA by failing to explain FMLA benefits and leave rights to Ms. Castelli when she requested leave. *Patterson v. Browning Pharm. & Healthcare, Inc.*, 961 So. 2d 982 (2007). This failure constitutes actionable interference with Ms. Castelli to meaningfully exercise her right to FMLA leave. Ms. Castelli's notice to the Defendants that she needed time off to care for her autistic child alone triggers the requirements that the employer provide a detailed FMLA notice.

16. On September 19, 2022, Plaintiff signed an employment contract with this heading:



17. In the contract, the Plaintiff's employer was identified as McHenry Donuts, Inc. or to be determined based on any chosen location of JSN Network, Inc's locations. JSN Network, Inc. has 52 locations with each locations employing approximately 20 employees.

18. On March 7, 2024, Plaintiff requested bereavement leave. She was denied bereavement leave but allowed to use her vacation time from March 8, 2024 to March 16, 2024 (six business days).

19. On Monday, March 18, 2024 at 6:00 PM, Brianna Castelli wrote:

> Dear JSN Network,
>
> I hope this letter find you well. I am writing to inform you of a pressing matter that requires my immediate attention and understanding from JSN Network.
>
> As a dedicated employee of JSN Network/Dunkin' I have always strived to fulfill my responsibilities to the best of my abilities. However, I find myself facing unexpected challenges regarding child care arrangements for my children, particularly my autistic child, is of paramount importance to me.
>
> Unfortunately, I have been unable to secure appropriate child care services at this time. Due to the loss of my father and my fiancé not being in the home right now. As a result, I am compelled to request a leave of absence from my duties at JSN Network until such time as I can make suitable arrangements for the care of my children.
>
> I understand the impact that my absence may have on the team and the company's operations, and I assure you that I am actively working to resolve this situation as quickly as possible. I am exploring various options and resources to find the right child care solution that will allow me to return to work with peace of mind, knowing that my children are well cared for.

> I value my position at JSN Network and remain committed to my role within the organization. However, my responsibilities as a parent require my immediate attention and priority at this time. I hope for your understanding and support during this challenging period.
>
> Please let me know if there are any specific procedures or documentation required for requesting a leave of absence. I am more than willing to provide any additional information or assistance needed to facilitate this process.
>
> Thank you for your attention to this matter. I look forward to your prompt response and guidance on how to proceed.

20. The Federal Government pays disability benefits due to Plaintiff's child's autism diagnosis.

21. During her employment, Plaintiff repeatedly requested 401(k) benefits, but the Defendants wrongfully claimed that the program had not been set up.

22. Section 510 of ERISA makes it unlawful for "any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.

23. According to LinkedIn, Curt Pedro is a "Director at JSN Network" and a "Director of operations at Dunkin' Donuts."

24. On April 8, 2024, Plaintiff's employment with the Defendants was terminated by Curt Pedro.

**Class And/Or Collective Allegations**

25. JSN has over 1,000 employees, all of whom are subject to paid time off, Federal Family and Medical Leave Act, and 401(k) contribution policies and the Illinois Bereavement Act.

26. A significant percentage of these employees were shorted paid time off upon resignation. In fact, in violation of Illinois law, no employees ever received paid time off. Illinois Prevailing Wage Act, 820 ILCS 130/1; Illinois Wage Payment and Collection Act, 820 ILCS 115/1.

27. A significant percentage of these employees qualified for FMLA leave and were refused leave.

28. All employees qualified for 401(k) benefits and were refused. Only the owners were allowed to exercise their 401(k) rights.

29. As a result, the punitive class at issue are so numerous that joinder of all members is impracticable.

30. JSN has a uniform practice of not providing FMLA benefits, not providing paid time off, and not providing 401(k) benefits under the existing plan.

31. As a result, there are questions of law or fact common to the punitive classes.

32. Ms. Castelli's claims are typical of the claims of the punitive classes and/or collective.

33. Ms. Castelli will fairly and adequately protect the interest of the class.

34. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action and/or collective action

8

is superior to other available methods for the fair and efficient adjudication of this controversy. Fed. Rule Civ. Pro. 23(b)(3).

35. Class action and/or collective action treatment is otherwise appropriate.

WHEREFORE, Plaintiff BRIANNA CASTELLI, on behalf of herself and all others similarly situated employees, respectfully requests judgment against JSN Network, Inc. statutory and other damages, costs, attorney's fees, and all other just and proper relief.

<u>**COUNT I**</u>
**(RETALATORY DISCHARGE/PUNITIVE DAMAGES)**
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37. Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count I.

36. Plaintiff's discharge was in retaliation for Plaintiff claiming that the Defendant employer was subject to the laws contained in the Federal Family and Medical Leave Act.

37. Neither JSN Network, Inc. or McHenry Donuts, Inc. had an employee handbook and therefore had no handbook explaining to employees their FMLA entitlements.

38. The application of the Federal Family and Medical Leave Act to the Defendants in this case is a mandate of public policy.

39. Illinois courts "have explicitly stated that it is a clearly established policy of Illinois to prevent its citizens from violating federal law and that the state's public policy encourages employees to report suspected violations of federal law if that law advances the general welfare of Illinois citizens." *Brandon v. Anesthesia & Pain Mgmt. Assocs.*, 277 F.3d 936, 942 (7th Cir. 2002).

40. A violation of Federal Law related to the social duty or responsibility or to promote the health and welfare of the citizenry supports a violation of the Illinois Retaliatory Discharge common law. *Perez v. Staples*, 2020 U.S. Dist. LEXIS 205581.

41. To establish retaliatory discharge in Illinois, an employee needs to show that 1) she was discharged, 2) in retaliation for her activities, and 3) that the discharge violated a clear mandate of public policy. *Teruggi v. CIT Group/Capital Fin., Inc.*, 709 F.3d 654, 661 (7th Cir. 2013). The Illinois Supreme Court has defined public policy concerns to include "what is right and just and what affects the citizens of the State collectively." *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 421 N.E.2d 876, 877-79 (Ill. 1981). The mater "must strike at the heart of a citizen's social rights, duties, and responsibilities." *Id.* at 878-79.

42. FMLA is designed to help employees balance their work and family responsibilities by allowing them to take reasonable unpaid leave for certain family and medical reasons. It also seeks to accommodate the legitimate interests of employers and promote equal employment opportunity for men and women.

43. All Illinois citizens share the public policy concern that employers acknowledge that as employers they are subject to federal FMLA laws. It is the policy of the United States and the State of Illinois that employees be encouraged to report wholesale noncompliance with FMLA by an employer.

44. Plaintiff insisted to the Defendants that all of the Defendants' employees were entitled to FMLA benefits. The Defendants fired Plaintiff for making this assertion.

45. Plaintiff was fired for whistleblowing activity: Blowing the whistle on the Defendants wholesale refusal to follow the FMLA. *Weller v. Paramedic Servs. Of Illinois, Inc.*, 297 F. Supp. 3d 836, 848 (N.D. Ill. 2018) (citing *Jacobson v. Knepper & Moga, P.C.*, 185 Ill.2d 372, 376, 706 N.E.2d 491 (1998).

46. The Defendants wholesale refusal to follow FMLA strikes at the heart of Plaintiff's social rights, duties, and responsibilities.

47. Illinois law allow claims for retaliatory discharge when an employee is terminated because the employee has reported the employer's illegal conduct to the company itself. *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000); *Sutherland v. Norfolk S. Ry. Co.*, 356 Ill. App. 3d 620, 826 N.E.2d 1021 (1st Dist. 2005).

48. Each of the businesses referenced in ¶ 10 of this Complaint were given separate Employer Identification Numbers for the express purpose of attempting to avoid the reach of Illinois and the United States employment laws.

49. In *Moldenhauer v. Tazewell-Pekin Consol. Commun. Ctr.*, 536 F.3d 640 (2008), the court stated:

> We note that we will not tolerate an organization dividing itself into smaller entities with fewer than the statutory minimum number of employees for the express purpose of avoiding FMLA obligations. See *Papa*, 166 F.3d at 941. And where such evidence exists, we will not hesitate to deem these entities joint employers for purposes of the FMLA.

50. In *Papa v. Katy Indus.*, 166 F.3d 937 (1999), the Seventh Circuit stated:

> …an enterprise might split itself up into a number of corporations, each with fewer than the statutory minimum number of employees, for the express purpose of avoiding liability under the discrimination laws. The division might be accomplished in such a way as to avoid creating the conditions in which the corporate veil is normally pierced. Each subsidiary might be adequately funded and comply with all requisite formalities for separate corporate status, and the group might make clear to all employee and all creditors that they could look only to the particular corporation with which they had dealt for the enforcement of their contractual entitlements. But if the purpose of this splintered incorporation were to elude liability under the antidiscrimination laws, the corporations should be aggregated to determine how many employees each corporation had. The privilege of separate incorporation is not intended to allow enterprises to duck their statutory duties.

51. Plaintiff has suffered emotional distress, loss of pay, loss of reputation, and other damages as a result of Defendants' acts and omissions.

52. The Defendants' acts were committed with fraud, malice, deliberate violence or oppression, willfully, and with gross negligence as to indicate a wanton disregard of the right of others.

## COUNT II
### (RETALIATORY DISCHARGE / PUNITIVE DAMAGES)
Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins

1-37. Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count II.

38. That 820 ILCS 115/114(c) provides in relevant part:

> "Any employer, or any agent of an employer, who discharges… any employee… because that employee has made a complaint to his employer… because he or she has not been paid in accordance with the provisions of this Act… is guilty of a Class C misdemeanor. An employee who has been unlawfully retaliated against shall be entitled to recover through a claim filed… in a civil action, all legal and equitable relief as may be appropriate." See 820 ILCS 115/114(c).

39. In Illinois, a plaintiff states a valid claim for retaliatory discharge if she alleges that she was (1) discharged; (2) in retaliation for her activities; and (3) that the discharge violates the clear mandate of public policy. *Barr v. Kelso-Burnett Co.*, 106 Ill.2d 510 (1985)

40. In the instant case, the sole basis of Plaintiff's termination from employment on April 8, 2024 was her demand for payment of the Unpaid Wages due and owing to Plaintiff.

41. The termination of employment based solely upon Plaintiff's repeated demand for Unpaid Wages violates the clear mandate of public policy.

42. As a result of such termination, Plaintiff has incurred damages and has lost not only the Unpaid Wages, but is also out of a job, is at risk of default on many financial obligations, causing damage to Plaintiff's credit rating and her ability to obtain good credit.

43. Plaintiff hereby demands both compensatory damages and punitive damages as authorized under Illinois common law.

WHEREFORE, Plaintiff, BRIANNA CASTELLI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against Defendants, JSN NETWORK, INC. and MCHENRY DONUTS, INC. d/b/a DUNKIN' DONUTS AND BASKIN ROBBINS, in the amount in excess of $50,000.00 plus punitive damages and attorney's fees and for further relief that this Honorable Court deems just and appropriate.

### COUNT III
### (FAMILY AND MEDICAL LEAVE ACT DENIAL OF BENEFITS)
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37. Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count II.

38. The Defendant companies are liable to the Plaintiff for denying her leave pursuant to FMLA in violation of 29 U.S.C. § 2611 when her minor child suffered from a serious health condition which was supported by a medical doctor and where the Plaintiff was eligible for leave under the FMLA, and for terminating her in violations of 29 U.S.C. § 2611.

39. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

40. Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

### COUNT IV
### (FAMILY AND MEDICAL LEAVE ACT DISCRIMINATION AND HARRASEMENT)
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37. Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count III.

13

38. The Defendant companies are liable to the Plaintiff for subjecting the Plaintiff to discrimination and harassment in violation of the Family and Medical Leave Act of 1993 when the Defendant companies caused Plaintiff to suffer discrimination in the terms, conditions, and privileges of employment.

39. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

40. Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

**COUNT V**
**(FAMILY AND MEDICAL LEAVE ACT INTERFERENCE § 2615(a)(1))**
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37. Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count IV.

38. As for a second claim for relief, Plaintiff re-asserts the allegations received above and fully incorporates those paragraphs herein by reference.

39. Defendants JSN Network, Inc. and McHenry Donuts, Inc. deprived Plaintiff Brianna Castelli of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, Defendants JSN Network, Inc. and McHenry Donuts, Inc. were covered by the FMLA, Plaintiff Brianna Castelli was entitled to leave under the FMLA, Plaintiff provided sufficient notice of her intent to take FMLA-qualifying leave, and Defendants still denied her FMLA benefits to which she was entitled.

40. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants JSN Network, Inc. and McHenry Donuts, Inc. were not

made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

41. Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

## COUNT VI
### (FAMILY AND MEDICAL LEAVE ACT RETALIATION § 2615(a)(2))
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37. Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count IV.

38. As for a first claim for relief, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

39. Defendants violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Plaintiff on account of her activity that would be protected by the FMLA.

40. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants JSN Network, Inc. and McHenry Donuts, Inc. were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

41. Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

## COUNT VII
### (ILLINOIS FAMILY BEREAVEMENT ACT)
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37. Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count IV.

38. Plaintiff is an employee as defined by Section 101(2) of the Federal Family and Medical Leave Act of 1993.

15

39. Defendants are an employer as defined by Section 101(2) of the Federal Family and Medical Leave Act of 1993.

40. Section 10 (Bereavement Leave) states:

> (a) All employees shall be entitled to use of a maximum of 2 weeks (10 work days) of unpaid bereavement leave to:
> 1. Attend the funeral or alternative to a funeral of a covered family member;
> 2. Make arrangements necessitated by the death of the covered family member;
> 3. Grieve the death of the covered family member;

41. Section 20 (Unlawful Employer Practices) states:

> It is unlawful for any employer to take any adverse action against an employee because the employee (1) exercises rights or attempts to exercise rights under this Act…

42. At the funeral of Plaintiff's father, Plaintiff was told by Curt Pedro that after taking only five business days off Plaintiff would be fired if she did not return to work.

43. In violation of the Bereavement Act, Plaintiff was not given 10 business days off and was forced to use up her vacation time for the time she did take off.

## **Prayer for Relief to Counts I, III, IV, V, VI, and VII**

WHEREFORE, Plaintiff, BRIANNA CASTELLI, respectfully requests that judgment be entered against Defendants, JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins, and that the Court award her the following relief:

1) That she be awarded all wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in an amount exceeding $75,000.00 to be determined at trial;

2) The she be awarded interest on the amount awarded at trial at the prevailing rate;

3) The she be awarded liquidated damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in the amount proven at trial, plus interest at the prevailing rate;

4) Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights;

5) Permanently enjoin the Defendants from engaging in said unlawful practices, policies, customs, and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

6) Award Plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorney's fees, and the costs and disbursements of this action;

7) Award Plaintiff punitive damages;

8) Award Plaintiff backpay with prejudgment interest and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

9) That Plaintiff be reinstated to her former position, or a similar position with similar pay and benefits to that from which she was wrongfully terminated;

10) Grant Plaintiff a jury trial on all issues of fact; and

11) Grant such other relief as may be just and proper.

Dated: June 3, 2024                                    SINSON LAW GROUP


                                                       /s/ Kent D. Sinson
                                                       Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIANNA CASTELLI, Individually and as Class Representative<br><br>Plaintiff,<br>   v.<br><br>JSN NETWORK, INC. AND MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS & BASKIN ROBBINS,<br><br>Defendant. | Case No.<br><br>**JURY DEMAND** |

**JURY DEMAND**

In accordance with Rule 5(d), the undersigned demands a jury trial.

Dated: June 3, 2024            SINSON LAW GROUP

                                                     */s/ Kent D. Sinson*
                                                 Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax