**EXHIBIT 1**

# EXHIBIT 1

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

BRIANNA CASTELLI,                                                    )
                                                                     ) Case No.: 1:24-cv-04574
    Plaintiff,                                    )
          v.             )
                                                                     ) Honorable Jeremy C. Daniel
JSN NETWORK, INC and MCHENRY DONUTS, INC.                            )
D/B/A DUNKIN' DONUTS AND BASKIN ROBBINS,                             )
                                                                     )
    Defendants.                                   )

## DECLARATION OF ASHIR AZIZ

    I, Ashir Aziz, pursuant to 28 U.S.C. §1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

    1.    On November 4, 2024, an individual entered the business located at 485 S. Rand Rd., Lake Zurich, Illinois, which is a Dunkin Donut's franchise, and handed me the documents attached as **Exhibit A**, asked me what my name was, and left. The business entity that operates at 485 S. Rand Rd., Lake Zurich, Illinois is not McHenry Donuts, Inc.

    2.    I am not employed by McHenry Donuts, Inc. I do not work at nor perform work on behalf of McHenry Donuts, Inc.

    3.    I am not a registered agent of McHenry Donuts, Inc.

    4.    I am not a corporate officer or other agent of McHenry Donuts, Inc.

    5.    I do not receive compensation in any form from McHenry Donuts, Inc. I do not have authority to hire, fire, or discipline any employees at McHenry Donuts, Inc. and do not have authority to bind the corporation in any manner. I do not have authority to accept service on behalf of McHenry Donuts, Inc.

6.    I am not employed by Suresh Patel in his individual capacity nor in his capacity as registered agent of McHenry Donuts, Inc.


FURTHER, Declarant sayeth not.

Executed on this 22nd day of November 2024.

_____

Ashir Aziz

**EXHIBIT A**

# EXHIBIT A

**EXHIBIT A**

Case: 1:24-cv-04574 Document #: 13 Filed: 08/05/24 Page 1 of 2 PageID #:42

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois ▾

BRIANNA CASTELLI,

)
)
)
)

_Plaintiff(s)_

)
)

v.

)

Civil Action No. 1:24-cv-04574

MCHENRY DONUTS, INC

)
)
)
)
)

_Defendant(s)_

)

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ MCHENRY DONUTS, INC

Agent Information: Suresh Patel
485 S. Rand Rd
Lake Zurich, IL 600647-2358

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Kent Sinson
Sinson Law Group
100 N La Salle St Unit 1100
Chicago, IL 60602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

Case: 1:24-cv-04574 Document #: 13 Filed: 08/05/24 Page 2 of 2 PageID #:43

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:24-cv-04574

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case: 1:24-cv-04574 Document #: 3 Filed: 06/03/24 Page 1 of 18 PageID #:4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRIANNA CASTELLI, Individually and as Class Representative | |
| Plaintiff, | Case No. |
| v. | **JURY DEMAND** |
| JSN NETWORK, INC. and MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS AND BASKIN ROBBINS, | |
| Defendant. | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIANNA CASTELLI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, and in complaining of the Defendants, JSN NETWORK, INC. and MCHENRY DONUTS, INC. d/b/a DUNKIN' DONUTS AND BASKIN ROBBINS, alleges as follows:

### Introduction

1.      At the heart of this case is the Defendants' false assertion that, despite owning 52 Dunkin' Donuts and Baskin Robbins restaurants, they do not have to comply with the Federal Family and Medical Leave Act ("FMLA"). The reason Dunkin' Donuts and Baskin Robbins discharged Ms. Castelli was because she insisted to her Defendant employer that they were subject to the laws contained in the Federal Family and Medical Leave Act. The harm caused by this Defendant is to every employee of their 52 Dunkin' Donuts and Baskin Robbins locations.

2.      In violation of the Federal Family and Medical Leave Act, 29 U.S.C. 2611, Dunkin' Donuts and Baskin Robbins fired store manager Brianna Castelli because she requested unpaid time off to care for her autistic child. Dunkin' Donuts and Baskin Robbins also fired

Brianna Castelli because she requested 10 working days off to address the death of her father in violation of the Illinois Family Bereavement Leave Act.

3.     Ms. Castelli's discharge interfered with her FMLA rights, 401(k) rights, paid time off rights, bereavement rights, and was in retaliation for her attempt to exercise her rights.[1]

## Jurisdiction and Venue

4.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5(f), this being a proceeding to enforce rights and remedies secured to Plaintiff by the FMLA. 29 U.S.C. § 2601 et seq. Jurisdiction of this Court is proper under Section 107(a)(2) of the FMLA, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1331 as this action involves the application of federal law. This Court has supplemental jurisdiction over Counts I and VI under 28 U.S.C. § 1367.

5.     The Northern District of Illinois is the proper federal venue for this action pursuant to 28 U.S.C. § 1391 because Defendants reside in the Northern District and their unlawful actions occurred in the Northern District.

## Parties

6.     Plaintiff Brianna Castelli is domiciled in Fox Lake, Illinois.

7.     JSN Network, Inc. is an Illinois corporation whose registered agent is Alka Patel located at 1180 Heather Drive, Lake Zurich, Illinois 60047. JSN Network, Inc. is owned by Suresh Patel, Nilesh Patel, and J.P. Patel.

8.     McHenry Donuts, Inc. is an Illinois corporation whose registered agent is Suresh Patel located at 485 S. Rand Road, Lake Zurich, Illinois 60047. McHenry Donuts, Inc.'s principal place of business is at 4502 Elm Street, McHenry, Illinois 60050.

---

[1] Under the franchise agreement with the parent company, the Defendants are solely responsible for all employee decisions, including hiring, discharging, and setting wages and terms of employment.

9.      According to the employment contract, Plaintiff's primary job responsibly was to

be the store manager at the Elm Street location. However, this location could be changed from

time to time when the franchisee desired to move Brianna Castelli as an employee to any

location.

10.     The Defendants' restaurants are located at the following locations[2]:

| | | |
|---|---|---|
| 108 S. North West Hwy | Barrington | 60010 |
| 1179 W. Park Avenue | Libertyville | 60048 |
| 12090 Princeton Drive | Huntley | 60142 |
| 121 N. Milwaukee Avenue | Libertyville | 60048 |
| 1300 Hicks Road | Rolling Meadows | 60008 |
| 14010 West Rockland Road | Green Oaks | 60048 |
| 1609 Grand Avenue | Waukegan | 60085 |
| 16145 W. IL Route 173 | Wadsworth | 60083 |
| 1711 West Main Street | St. Charles | 60174 |
| 1800 N. Lewis Avenue | Waukegan | 60085 |
| 21 S. Green Bay Road | Waukegan | 60085 |
| 2101 Sheridan Road (Rt. 137) | Zion | 60099 |
| 245 Randall Road | South Elgin | 60177 |
| 2592 N. IL Route 83 | Round Lake | 60073 |
| 280 N. Randall Road | Lake In The Hills | 60156 |
| 2829 22nd Street | North Chicago | 60064 |
| 2900 Belvidere Road | Waukegan | 60085 |
| 2911 N. Richmond Road | Johnsburg | 60051 |
| 3092 N. Skokie Hwy | Lake Bluff | 60044 |
| 34484 Hwy 45 | Third Lake | 60030 |
| 346 N. Lake Street | Mundelein | 60060 |
| 351 S. Randall Road | Elgin | 60123 |
| 369 E. Rollins Road | Round Lake | 60073 |
| 3837 E. Main Street | St. Charles | 60174 |
| 39090 N. U.S. Highway 41 | Wadsworth | 60083 |
| 3925 Fountain Square Place | Waukegan | 60085 |
| 4005 W. Algonquin Road | Algonquin | 60102 |
| 422 Washington Street | Waukegan | 60085 |
| 435 Milwaukee Avenue | Lincolnshire | 60069 |
| 442 Orchard Street | Antioch | 60002 |
| 4502 W. Elm Street | McHenry | 60050 |

---

[2] Plaintiff has been unsuccessful in identifying the corporate names of each restaurant other than McHenry Donuts, Inc.

3

| | | |
|---|---|---|
| 4551 IL Route 173, Unit 2 | Zion | 60099 |
| 469 W. Liberty Street | Wauconda | 60084 |
| 475 E. Hwy 173 | Antioch | 60002 |
| 485 S. Rand Road | Lake Zurich | 60047 |
| 510 Auburn Drive | Island Lake | 60042 |
| 514 Randall Road | South Elgin | 60177 |
| 540 Cluverius Avenue | Great Lakes | 60088 |
| 5414 Grand Avenue | Gurnee | 60031 |
| 617 Front Street | McHenry | 60050 |
| 700 E. U.S. Highway 45 | Mundelein | 60060 |
| 700 N. Milwaukee Avenue | Vernon Hills | 60061 |
| 707 Rockland Road | Lake Bluff | 60044 |
| 722 S. IL Route 83 | Mundelein | 60060 |
| 751 N. Fairfield Road | Round Lake | 60073 |
| 80 Tyler Creek Plaza | Elgin | 60123 |
| 801 E. Dundee Road | Palatine | 60074 |
| 817 E. Belvidere Road | Grayslake | 60030 |
| 83 W. Belvidere Road | Hainesville | 60030 |
| 9800 Route 47 | Huntley | 60142 |
| Illinois Tollway 13783 W. Oasis Service Road | Lake Forest | 60045 |

## Background Facts

11.     JSN Network, Inc. had at least 50 employees in 2023 and 2024 for at least 20 weeks. Plaintiff has worked for Defendants since September 19, 2022 and has worked at least 1,250 hours in the year prior to her termination on April 8, 2024. At least 50 of the Defendants' employees work at a location within a 75 mile radius.

12.     The Defendants have falsely told all their employees that the Family and Medical Leave Act passed by Congress does not apply to the Defendants.

13.     The FMLA provides eligible employees up to **twelve  weeks of unpaid leave** in any twelve-month period for personal medical conditions or **to attend to familial obligations, such as caring for a loved one who has a series health condition**. 29 U.S.C. §§ 2612, 2615. The Act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of

or the attempt to exercise, any right provided under [the FMLA]," 29 U.S.C. § 2615, and the Act provides for a private right of enforcement, 29 U.S.C. § 2617(a). The primary aim of the FMLA is "to balance the demands of the workplace with the needs of families...in a manner that accommodates the legitimate interests of employers..." 29 U.S.C. § 2601(b)(1) & (3).

14.    Federal law requires that the employer notify the employee of FMLA entitlements and employee obligations through its employee handbook and *also* provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining the consequences of a failure to meet these obligations. 29 C.F.R. § 825.301(a)(1), (b)(1). The notice shall be given within a reasonable time after notice of the need for leave is given by the employee – within one or two business days if feasible. 29 C.F.R. § 825.301(c). When a medical emergency requires an employee to care for a family member's serious health condition, written advance notice pursuant to an employers' internal rules and procedures may not be required when FMLA leave is involved. 29 C.F.R. § 825.303(a). In such a case, the employee should provide notice to the employer either in person or by telephone or other electronic means. 29 C.F.R. § 825.303(b). The employee need not expressly assert rights under the FMLA or even mention the FMLA but may only state that leave is needed. *Id.*

15.    The Defendants violated FMLA by failing to explain FMLA benefits and leave rights to Ms. Castelli when she requested leave. *Patterson v. Browning Pharm. & Healthcare, Inc.*, 961 So. 2d 982 (2007). This failure constitutes actionable interference with Ms. Castelli to meaningfully exercise her right to FMLA leave. Ms. Castelli's notice to the Defendants that she needed time off to care for her autistic child alone triggers the requirements that the employer provide a detailed FMLA notice.

5

16. On September 19, 2022, Plaintiff signed an employment contract with this heading:



17. In the contract, the Plaintiff's employer was identified as McHenry Donuts, Inc. or to be determined based on any chosen location of JSN Network, Inc's locations. JSN Network, Inc. has 52 locations with each locations employing approximately 20 employees.

18. On March 7, 2024, Plaintiff requested bereavement leave. She was denied bereavement leave but allowed to use her vacation time from March 8, 2024 to March 16, 2024 (six business days).

19. On Monday, March 18, 2024 at 6:00 PM, Brianna Castelli wrote:

Dear JSN Network,

I hope this letter find you well. I am writing to inform you of a pressing matter that requires my immediate attention and understanding from JSN Network.

As a dedicated employee of JSN Network/Dunkin' I have always strived to fulfill my responsibilities to the best of my abilities. However, I find myself facing unexpected challenges regarding child care arrangements for my children, particularly my autistic child, is of paramount importance to me.

Unfortunately, I have been unable to secure appropriate child care services at this time. Due to the loss of my father and my fiancé not being in the home right now. As a result, I am compelled to request a leave of absence from my duties at JSN Network until such time as I can make suitable arrangements for the care of my children.

I understand the impact that my absence may have on the team and the company's operations, and I assure you that I am actively working to resolve this situation as quickly as possible. I am exploring various options and resources to find the right child care solution that will allow me to return to work with peace of mind, knowing that my children are well cared for.

> I value my position at JSN Network and remain committed to my role within the organization. However, my responsibilities as a parent require my immediate attention and priority at this time. I hope for your understanding and support during this challenging period.
>
> Please let me know if there are any specific procedures or documentation required for requesting a leave of absence. I am more than willing to provide any additional information or assistance needed to facilitate this process.
>
> Thank you for your attention to this matter. I look forward to your prompt response and guidance on how to proceed.

20.     The Federal Government pays disability benefits due to Plaintiff's child's autism diagnosis.

21.     During her employment, Plaintiff repeatedly requested 401(k) benefits, but the Defendants wrongfully claimed that the program had not been set up.

22.     Section 510 of ERISA makes it unlawful for "any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.

23.     According to LinkedIn, Curt Pedro is a "Director at JSN Network" and a "Director of operations at Dunkin' Donuts."

24.     On April 8, 2024, Plaintiff's employment with the Defendants was terminated by Curt Pedro.

Case: 1:24-cv-04574 Document #: 3 Filed: 06/03/24 Page 8 of 18 PageID #:11

### Class And/Or Collective Allegations

25.     JSN has over 1,000 employees, all of whom are subject to paid time off, Federal Family and Medical Leave Act, and 401(k) contribution policies and the Illinois Bereavement Act.

26.     A significant percentage of these employees were shorted paid time off upon resignation. In fact, in violation of Illinois law, no employees ever received paid time off. Illinois Prevailing Wage Act, 820 ILCS 130/1; Illinois Wage Payment and Collection Act, 820 ILCS 115/1.

27.     A significant percentage of these employees qualified for FMLA leave and were refused leave.

28.     All employees qualified for 401(k) benefits and were refused. Only the owners were allowed to exercise their 401(k) rights.

29.     As a result, the punitive class at issue are so numerous that joinder of all members is impracticable.

30.     JSN has a uniform practice of not providing FMLA benefits, not providing paid time off, and not providing 401(k) benefits under the existing plan.

31.     As a result, there are questions of law or fact common to the punitive classes.

32.     Ms. Castelli's claims are typical of the claims of the punitive classes and/or collective.

33.     Ms. Castelli will fairly and adequately protect the interest of the class.

34.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action and/or collective action

8

is superior to other available methods for the fair and efficient adjudication of this controversy.

Fed. Rule Civ. Pro. 23(b)(3).

35.     Class action and/or collective action treatment is otherwise appropriate.

WHEREFORE, Plaintiff BRIANNA CASTELLI, on behalf of herself and all others

similarly situated employees, respectfully requests judgment against JSN Network, Inc. statutory

and other damages, costs, attorney's fees, and all other just and proper relief.

**COUNT I**
**(RETALATORY DISCHARGE/PUNITIVE DAMAGES)**
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts**
**and Baskin Robbins**

1-37.     Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count I.

36.     Plaintiff's discharge was in retaliation for Plaintiff claiming that the Defendant

employer was subject to the laws contained in the Federal Family and Medical Leave Act.

37.     Neither JSN Network, Inc. or McHenry Donuts, Inc. had an employee handbook

and therefore had no handbook explaining to employees their FMLA entitlements.

38.     The application of the Federal Family and Medical Leave Act to the Defendants

in this case is a mandate of public policy.

39.     Illinois courts "have explicitly stated that it is a clearly established policy of

Illinois to prevent its citizens from violating federal law and that the state's public policy

encourages employees to report suspected violations of federal law if that law advances the

general welfare of Illinois citizens." *Brandon v. Anesthesia & Pain Mgmt. Assocs.*, 277 F.3d 936,

942 (7th Cir. 2002).

40.     A violation of Federal Law related to the social duty or responsibility or to

promote the health and welfare of the citizenry supports a violation of the Illinois Retaliatory

Discharge common law. *Perez v. Staples*, 2020 U.S. Dist. LEXIS 205581.

41.     To establish retaliatory discharge in Illinois, an employee needs to show that 1) she was discharged, 2) in retaliation for her activities, and 3) that the discharge violated a clear mandate of public policy. *Teruggi v. CIT Group/Capital Fin., Inc.*, 709 F.3d 654, 661 (7th Cir. 2013). The Illinois Supreme Court has defined public policy concerns to include "what is right and just and what affects the citizens of the State collectively." *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 421 N.E.2d 876, 877-79 (Ill. 1981). The mater "must strike at the heart of a citizen's social rights, duties, and responsibilities." *Id.* at 878-79.

42.     FMLA is designed to help employees balance their work and family responsibilities by allowing them to take reasonable unpaid leave for certain family and medical reasons. It also seeks to accommodate the legitimate interests of employers and promote equal employment opportunity for men and women.

43.     All Illinois citizens share the public policy concern that employers acknowledge that as employers they are subject to federal FMLA laws. It is the policy of the United States and the State of Illinois that employees be encouraged to report wholesale noncompliance with FMLA by an employer.

44.     Plaintiff insisted to the Defendants that all of the Defendants' employees were entitled to FMLA benefits. The Defendants fired Plaintiff for making this assertion.

45.     Plaintiff was fired for whistleblowing activity: Blowing the whistle on the Defendants wholesale refusal to follow the FMLA. *Weller v. Paramedic Servs. Of Illinois, Inc.*, 297 F. Supp. 3d 836, 848 (N.D. Ill. 2018) (citing *Jacobson v. Knepper & Moga, P.C.*, 185 Ill.2d 372, 376, 706 N.E.2d 491 (1998).

46.     The Defendants wholesale refusal to follow FMLA strikes at the heart of Plaintiff's social rights, duties, and responsibilities.

47.     Illinois law allow claims for retaliatory discharge when an employee is terminated because the employee has reported the employer's illegal conduct to the company itself. *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000); *Sutherland v. Norfolk S. Ry. Co.*, 356 Ill. App. 3d 620, 826 N.E.2d 1021 (1st Dist. 2005).

48.     Each of the businesses referenced in ¶ 10 of this Complaint were given separate Employer Identification Numbers for the express purpose of attempting to avoid the reach of Illinois and the United States employment laws.

49.     In *Moldenhauer v. Tazewell-Pekin Consol. Commun. Ctr*, 536 F.3d 640 (2008), the court stated:

> We note that we will not tolerate an organization dividing itself into smaller entities with fewer than the statutory minimum number of employees for the express purpose of avoiding FMLA obligations. See *Papa*, 166 F.3d at 941. And where such evidence exists, we will not hesitate to deem these entities joint employers for purposes of the FMLA.

50.     In *Papa v. Katy Indus.*, 166 F.3d 937 (1999), the Seventh Circuit stated:

> ...an enterprise might split itself up into a number of corporations, each with fewer than the statutory minimum number of employees, for the express purpose of avoiding liability under the discrimination laws. The division might be accomplished in such a way as to avoid creating the conditions in which the corporate veil is normally pierced. Each subsidiary might be adequately funded and comply with all requisite formalities for separate corporate status, and the group might make clear to all employee and all creditors that they could look only to the particular corporation with which they had dealt for the enforcement of their contractual entitlements. But if the purpose of this splintered incorporation were to elude liability under the antidiscrimination laws, the corporations should be aggregated to determine how many employees each corporation had. The privilege of separate incorporation is not intended to allow enterprises to duck their statutory duties.

51.     Plaintiff has suffered emotional distress, loss of pay, loss of reputation, and other damages as a result of Defendants' acts and omissions.

52.    The Defendants' acts were committed with fraud, malice, deliberate violence or oppression, willfully, and with gross negligence as to indicate a wanton disregard of the right of others.

## COUNT II
### (RETALIATORY DISCHARGE / PUNITIVE DAMAGES)
### Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins

1-37.   Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count II.

38.    That 820 ILCS 115/114(c) provides in relevant part:

> "Any employer, or any agent of an employer, who discharges… any employee… because that employee has made a complaint to his employer… because he or she has not been paid in accordance with the provisions of this Act… is guilty of a Class C misdemeanor. An employee who has been unlawfully retaliated against shall be entitled to recover through a claim filed… in a civil action, all legal and equitable relief as may be appropriate." See 820 ILCS 115/114(c).

39.    In Illinois, a plaintiff states a valid claim for retaliatory discharge if she alleges that she was (1) discharged; (2) in retaliation for her activities; and (3) that the discharge violates the clear mandate of public policy. *Barr v. Kelso-Burnett Co.*, 106 Ill.2d 510 (1985)

40.    In the instant case, the sole basis of Plaintiff's termination from employment on April 8, 2024 was her demand for payment of the Unpaid Wages due and owing to Plaintiff.

41.    The termination of employment based solely upon Plaintiff's repeated demand for Unpaid Wages violates the clear mandate of public policy.

42.    As a result of such termination, Plaintiff has incurred damages and has lost not only the Unpaid Wages, but is also out of a job, is at risk of default on many financial obligations, causing damage to Plaintiff's credit rating and her ability to obtain good credit.

43.    Plaintiff hereby demands both compensatory damages and punitive damages as authorized under Illinois common law.

WHEREFORE, Plaintiff, BRIANNA CASTELLI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against Defendants, JSN NETWORK, INC. and MCHENRY DONUTS, INC. d/b/a DUNKIN' DONUTS AND BASKIN ROBBINS, in the amount in excess of $50,000.00 plus punitive damages and attorney's fees and for further relief that this Honorable Court deems just and appropriate.

**COUNT III**
**(FAMILY AND MEDICAL LEAVE ACT DENIAL OF BENEFITS)**
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37.    Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count II.

38.    The Defendant companies are liable to the Plaintiff for denying her leave pursuant to FMLA in violation of 29 U.S.C. § 2611 when her minor child suffered from a serious health condition which was supported by a medical doctor and where the Plaintiff was eligible for leave under the FMLA, and for terminating her in violations of 29 U.S.C. § 2611.

39.    The allegations more particularly described above regarding the intentional discriminatory practices of Defendants were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

40.    Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

**COUNT IV**
**(FAMILY AND MEDICAL LEAVE ACT DISCRIMINATION AND HARRASEMENT)**
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37.    Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count III.

13

38.     The Defendant companies are liable to the Plaintiff for subjecting the Plaintiff to discrimination and harassment in violation of the Family and Medical Leave Act of 1993 when the Defendant companies caused Plaintiff to suffer discrimination in the terms, conditions, and privileges of employment.

39.     The allegations more particularly described above regarding the intentional discriminatory practices of Defendants were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

40.     Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

COUNT V
(FAMILY AND MEDICAL LEAVE ACT INTERFERENCE § 2615(a)(1))
Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts
and Baskin Robbins

1-37.     Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count IV.

38.     As for a second claim for relief, Plaintiff re-asserts the allegations received above and fully incorporates those paragraphs herein by reference.

39.     Defendants JSN Network, Inc. and McHenry Donuts, Inc. deprived Plaintiff Brianna Castelli of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, Defendants JSN Network, Inc. and McHenry Donuts, Inc. were covered by the FMLA, Plaintiff Brianna Castelli was entitled to leave under the FMLA, Plaintiff provided sufficient notice of her intent to take FMLA-qualifying leave, and Defendants still denied her FMLA benefits to which she was entitled.

40.     The allegations more particularly described above regarding the intentional discriminatory practices of Defendants JSN Network, Inc. and McHenry Donuts, Inc. were not

made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

41.    Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

## COUNT VI
### (FAMILY AND MEDICAL LEAVE ACT RETALIATION § 2615(a)(2))
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37.    Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count IV.

38.    As for a first claim for relief, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

39.    Defendants violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Plaintiff on account of her activity that would be protected by the FMLA.

40.    The allegations more particularly described above regarding the intentional discriminatory practices of Defendants JSN Network, Inc. and McHenry Donuts, Inc. were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993. [29 U.S.C. § 2601, *et seq.*]

41.    Defendants' violation of 29 U.S.C. § 2516(a)(2) caused Plaintiff to suffer a loss of employment compensation and other damages.

## COUNT VII
### (ILLINOIS FAMILY BEREAVEMENT ACT)
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**

1-37.    Plaintiff repleads paragraphs 1-37 as paragraphs 1-37 of Count IV.

38.    Plaintiff is an employee as defined by Section 101(2) of the Federal Family and Medical Leave Act of 1993.

Case: 1:24-cv-04574 Document #: 3 Filed: 06/03/24 Page 16 of 18 PageID #:19

39.     Defendants are an employer as defined by Section 101(2) of the Federal Family and Medical Leave Act of 1993.

40.     Section 10 (Bereavement Leave) states:

(a) All employees shall be entitled to use of a maximum of 2 weeks (10 work days) of unpaid bereavement leave to:
1. Attend the funeral or alternative to a funeral of a covered family member;
2. Make arrangements necessitated by the death of the covered family member;
3. Grieve the death of the covered family member;

41.     Section 20 (Unlawful Employer Practices) states:

It is unlawful for any employer to take any adverse action against an employee because the employee (1) exercises rights or attempts to exercise rights under this Act...

42.     At the funeral of Plaintiff's father, Plaintiff was told by Curt Pedro that after taking only five business days off Plaintiff would be fired if she did not return to work.

43.     In violation of the Bereavement Act, Plaintiff was not given 10 business days off and was forced to use up her vacation time for the time she did take off.

### Prayer for Relief to Counts I, III, IV, V, VI, and VII

WHEREFORE, Plaintiff, BRIANNA CASTELLI, respectfully requests that judgment be entered against Defendants, JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins, and that the Court award her the following relief:

1)      That she be awarded all wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in an amount exceeding $75,000.00 to be determined at trial;

2)      The she be awarded interest on the amount awarded at trial at the prevailing rate;

3)      The she be awarded liquidated damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in the amount proven at trial, plus interest at the prevailing rate;

16

4) Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights;

5) Permanently enjoin the Defendants from engaging in said unlawful practices, policies, customs, and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

6) Award Plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorney's fees, and the costs and disbursements of this action;

7) Award Plaintiff punitive damages;

8) Award Plaintiff backpay with prejudgment interest and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

9) That Plaintiff be reinstated to her former position, or a similar position with similar pay and benefits to that from which she was wrongfully terminated;

10) Grant Plaintiff a jury trial on all issues of fact; and

11) Grant such other relief as may be just and proper.

Dated: June 3, 2024                SINSON LAW GROUP


                                   /s/ Kent D. Sinson
                                   Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIANNA CASTELLI, Individually and as Class Representative | |
| Plaintiff, | Case No. |
| v. | **JURY DEMAND** |
| JSN NETWORK, INC. AND MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS & BASKIN ROBBINS, | |
| Defendant. | |

**JURY DEMAND**

In accordance with Rule 5(d), the undersigned demands a jury trial.

Dated: June 3, 2024                    SINSON LAW GROUP

                                       /s/ Kent D. Sinson
                                       Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax

18

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRIANNA CASTELLI, Individually and as Class Representative <br><br>      Plaintiff, <br><br>     v. <br><br> JSN NETWORK, INC. and MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS AND BASKIN ROBBINS, <br><br>      Defendant. | Case No. 1:24-cv-04574 <br><br> **JURY DEMAND** |

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIANNA CASTELLI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, and in complaining of the Defendants, JSN NETWORK, INC. and MCHENRY DONUTS, INC. d/b/a DUNKIN' DONUTS AND BASKIN ROBBINS, alleges as follows:

### Introduction

1.    At the heart of this case is the Defendants' false assertion that, despite owning 52 Dunkin' Donuts and Baskin Robbins restaurants, they do not have to comply with the Federal Family and Medical Leave Act ("FMLA"). The reason Dunkin' Donuts and Baskin Robbins discharged Ms. Castelli was because she insisted to her Defendant employer that they were subject to the laws contained in the FMLA. The harm caused by this Defendant is to every employee of their 52 Dunkin' Donuts and Baskin Robbins locations.

2.    In violation of the FMLA, 29 U.S.C. 2611, Dunkin' Donuts and Baskin Robbins fired store manager Brianna Castelli after requesting unpaid time off, pursuant to the FMLA, to care for her child with autism.

3.      Ms. Castelli's discharge interfered with her FMLA rights, 401(k) rights, paid time off rights, and was in retaliation for her attempt to exercise her rights.[1]

### Jurisdiction and Venue

4.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5(f), this being a proceeding to enforce rights and remedies secured to Plaintiff by the FMLA, 29 U.S.C. § 2601 et seq. Jurisdiction of this Court is proper under Section 107(a)(2) of the FMLA, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1331 as this action involves the application of federal law. This Court has supplemental jurisdiction over Counts I and II under 28 U.S.C. § 1367.

5.      The Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b), as all or some of the parties reside in this District and the events giving rise to the claims occurred in this District.

### Parties

6.      Plaintiff Brianna Castelli ("Plaintiff") is a resident of Illinois and a citizen of the United States.

7.      Defendant JSN Network, Inc. is an Illinois corporation whose registered agent is Alka Patel located at 1180 Heather Drive, Lake Zurich, Illinois 60047. JSN Network, Inc. is owned by Suresh Patel, Nilesh Patel, and J.P. Patel.

8.      Defendant McHenry Donuts, Inc. is an Illinois corporation whose registered agent is Suresh Patel located at 485 S. Rand Road, Lake Zurich, Illinois 60047. McHenry Donuts, Inc.'s principal place of business is at 4502 Elm Street, McHenry, Illinois 60050.

---

[1] Under the franchise agreement with the parent company, the Defendants are solely responsible for all employee decisions, including hiring, discharging, and setting wages and terms of employment.

9.    The Defendants' restaurants are located at the following locations[2]:

| | | |
|---|---|---|
| 108 S. Northwest Hwy | Barrington | 60010 |
| 1179 W. Park Avenue | Libertyville | 60048 |
| 12090 Princeton Drive | Huntley | 60142 |
| 121 N. Milwaukee Avenue | Libertyville | 60048 |
| 1300 Hicks Road | Rolling Meadows | 60008 |
| 14010 West Rockland Road | Green Oaks | 60048 |
| 1609 Grand Avenue | Waukegan | 60085 |
| 16145 W. IL Route 173 | Wadsworth | 60083 |
| 1711 West Main Street | St. Charles | 60174 |
| 1800 N. Lewis Avenue | Waukegan | 60085 |
| 21 S. Green Bay Road | Waukegan | 60085 |
| 2101 Sheridan Road (Rt. 137) | Zion | 60099 |
| 245 Randall Road | South Elgin | 60177 |
| 2592 N. IL Route 83 | Round Lake | 60073 |
| 280 N. Randall Road | Lake In The Hills | 60156 |
| 2829 22nd Street | North Chicago | 60064 |
| 2900 Belvidere Road | Waukegan | 60085 |
| 2911 N. Richmond Road | Johnsburg | 60051 |
| 3092 N. Skokie Hwy | Lake Bluff | 60044 |
| 34484 Hwy 45 | Third Lake | 60030 |
| 346 N. Lake Street | Mundelein | 60060 |
| 351 S. Randall Road | Elgin | 60123 |
| 369 E. Rollins Road | Round Lake | 60073 |
| 3837 E. Main Street | St. Charles | 60174 |
| 39090 N. U.S. Highway 41 | Wadsworth | 60083 |
| 3925 Fountain Square Place | Waukegan | 60085 |
| 4005 W. Algonquin Road | Algonquin | 60102 |
| 422 Washington Street | Waukegan | 60085 |
| 435 Milwaukee Avenue | Lincolnshire | 60069 |
| 442 Orchard Street | Antioch | 60002 |
| 4502 W. Elm Street | McHenry | 60050 |
| 4551 IL Route 173, Unit 2 | Zion | 60099 |
| 469 W. Liberty Street | Wauconda | 60084 |
| 475 E. Hwy 173 | Antioch | 60002 |
| 485 S. Rand Road | Lake Zurich | 60047 |
| 510 Auburn Drive | Island Lake | 60042 |
| 514 Randall Road | South Elgin | 60177 |
| 540 Cluverius Avenue | Great Lakes | 60088 |

---

[2] Plaintiff has been unsuccessful in identifying the corporate names of each restaurant other than McHenry Donuts, Inc.

| | | |
|---|---|---|
| 5414 Grand Avenue | Gurnee | 60031 |
| 617 Front Street | McHenry | 60050 |
| 700 E. U.S. Highway 45 | Mundelein | 60060 |
| 700 N. Milwaukee Avenue | Vernon Hills | 60061 |
| 707 Rockland Road | Lake Bluff | 60044 |
| 722 S. IL Route 83 | Mundelein | 60060 |
| 751 N. Fairfield Road | Round Lake | 60073 |
| 80 Tyler Creek Plaza | Elgin | 60123 |
| 801 E. Dundee Road | Palatine | 60074 |
| 817 E. Belvidere Road | Grayslake | 60030 |
| 83 W. Belvidere Road | Hainesville | 60030 |
| 9800 Route 47 | Huntley | 60142 |
| Illinois Tollway 13783 W. Oasis Service Road | Lake Forest | 60045 |

## Background Facts

10.     Defendant JSN Network, Inc. owns and operates multiple franchises throughout Illinois.

11.     Each of the businesses referenced in ¶ 9 of this Complaint have separate Employer Identification Numbers ("EINs").

12.     Each of the businesses referenced in ¶ 9 of this Complaint were given separate EINs for the express purpose of attempting to avoid the reach of Illinois and the United States employment laws.

13.     Upon information and belief, Defendant JSN Network, Inc. owns and operates Defendant McHenry Donuts, Inc.

14.     JSN Network, Inc. had at least 50 employees in 2023 and 2024 for at least 20 weeks.

15.     At least 50 of the Defendants' employees work at a location within a 75-mile radius.

4

16.     Plaintiff has worked for Defendants since September 19, 2022, and has worked at least 1,250 hours in the year prior to her termination on April 8, 2024.

17.     Under the FMLA, Plaintiff is a covered employee.

18.     Under the FMLA, Defendant's other employees who have worked for the Defendant for at least a year and worked at least 1,250 hours in the year prior are covered employees.

19.     Plaintiff worked as a restaurant manager at McHenry Donuts, Inc. at 4502 Elm Street, McHenry, Illinois 60050.

20.     The location of Plaintiff's management responsibilities could be changed by Defendants at any time.

21.     On September 19, 2022, Plaintiff signed an employment contract with this heading:



22.     In the contract, the Plaintiff's employer was identified as McHenry Donuts, Inc. or to be determined based on any chosen location of JSN Network, Inc's locations.

23.     Plaintiff's employment contract included the following:

You will be eligible for 6 days of personal/sick/holidays and 6 vacation days per year. Vacation/personal/sick/holidays can start after 90 days of employment. Vacation/personal/sick/holidays cannot roll over to the next year. If Brianna Castelli is terminated, quits or is demoted, any unused vacation/personal/sick/holidays will not be compensated. Vacation must be scheduled three weeks in advance, and must be requested in writing.

24.     Defendant JSN Network, Inc. has 52 locations with each location employing approximately 20 employees.

5

25.     Defendant JSN Network, Inc. employ 50 or more employees in 20 or more workweeks in either the current calendar year or previous calendar year.

26.     Defendant JSN Network, Inc. is a covered employer under the FMLA.

27.     Defendant JSN Network, Inc. has divided itself into smaller entities with fewer than the statutory minimum number of employees for the express purpose of avoiding FMLA obligations.

28.     Under the franchise agreement with the parent company, Defendant JSN Network, Inc. is solely responsible for all employee decisions, including hiring, firing, discharging, and all terms of employment.

29.     The Defendants have communicated to their employees that the FMLA does not apply to the Defendants.

30.     The Defendants have communicated to their employees that they are not entitled to FMLA benefits.

31.     Upon information and belief, the Defendants have denied their employees FMLA benefits.

32.     Upon information and belief, the Defendants have not granted any employee to use FMLA benefits.

33.     Plaintiff has a child that has been diagnosed with autism spectrum disorder.

34.     On Monday, March 18, 2024, at 6:00 PM, Plaintiff wrote an email and sent it to JSN Network, Inc.

35.     The email stated as follows:

Dear JSN Network,

I hope this letter find you well. I am writing to inform you of a pressing matter that requires my immediate attention and understanding from JSN Network.

As a dedicated employee of JSN Network/Dunkin' I have always strived to fulfill my responsibilities to the best of my abilities. However, I find myself facing unexpected challenges regarding child care arrangements for my children, particularly my autistic child, is of paramount importance to me.

Unfortunately, I have been unable to secure appropriate child care services at this time. Due to the loss of my father and my fiancé not being in the home right now. As a result, I am compelled to request a leave of absence from my duties at JSN Network until such time as I can make suitable arrangements for the care of my children.

I understand the impact that my absence may have on the team and the company's operations, and I assure you that I am actively working to resolve this situation as quickly as possible. I am exploring various options and resources to find the right child care solution that will allow me to return to work with peace of mind, knowing that my children are well cared for.

I value my position at JSN Network and remain committed to my role within the organization. However, my responsibilities as a parent require my immediate attention and priority at this time. I hope for your understanding and support during this challenging period.

Please let me know if there are any specific procedures or documentation required for requesting a leave of absence. I am more than willing to provide any additional information or assistance needed to facilitate this process.

Thank you for your attention to this matter. I look forward to your prompt response and guidance on how to proceed.

36. The March 18, 2024, email provided notice to the Defendants that Plaintiff

requested a leave of absence to care for her child with autism.

37. Defendants received Plaintiff's email on March 18, 2024.

38. Plaintiff's requested leave of absence was covered by the FMLA.

39.     On March 19, 2024, Plaintiff was informed that she could not be at her place of employment.

40.     On March 19, 2024, Plaintiff was informed that she was no longer allowed an employee discount at her store.

41.     That same day, Curt Pedro acknowledged receipt of Plaintiff's email.

42.     On March 30, 2024, Curt Pedro emailed Plaintiff and explained that she would be driving further to a different store than where she previously worked.

43.     Mr. Pedro also stated that the stores would be south and west of where Plaintiff previously worked and where she lived.

44.     Mr. Pedro emailed Plaintiff that she may need to travel 30 minutes to her new job site.

45.     Plaintiff was scheduled to return to work on April 26, 2024.

46.     On April 8, Mr. Pedro requested that Plaintiff meet him in Lake Zurich for a meeting.

47.     At this meeting, Plaintiff was informed that she would not be returning to Defendant McHenry Donuts and would instead be assigned to a store that operates 24 hours per day.

48.     Plaintiff explained that due to childcare responsibilities, she could not work at store that operates 24 hours per day.

49.     During the time that Plaintiff worked at Defendant McHenry Donuts, it did not operate at a 24-hour store.

50.     On April 8, 2024, Curt Pedro terminated Plaintiff's employment with the Defendants.

51.     On April 8, 2024, Curt Pedro was an employee of Defendant JSN Network, Inc.

52.     Curt Pedro has been employed by Defendant JSN Network, Inc. since 2017.

53.     Plaintiff was terminated after she requested a leave of absence.

54.     Defendants offered Plaintiff a position at a Lake Zurich store that was approximately 25 minutes away from her original employment.

55.     Defendants offered Plaintiff a position at a store that operated 24 hours a day.

56.     On April 25, 2024, Mr. Pedro sent notice that officially terminated Plaintiff's employment.

57.     Plaintiff's termination left her unable to return to work for Defendants following her leave of absence.

58.     Following Plaintiff's leave of absence, Plaintiff was not provided an "equivalent job." An equivalent job means a job that is virtually identical to the employee's original job in terms of pay, benefits, and other employment terms and conditions.

59.     During her employment, Plaintiff requested retirement or 401(k) benefits.

60.     The Defendants told Plaintiff that the company did not offer a 401(k) program.

61.     During her employment, Plaintiff was never offered any retirement benefits.

62.     Section 510 of ERISA makes it unlawful for "any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.

### Class And/Or Collective Allegations

63.     Defendant JSN Network, Inc. has over 1,000 employees.

9

64. Defendant JSN Network, Inc. grants its employees paid time off.

65. Defendant JSN Network, Inc. is a covered employer under the FMLA.

66. Defendant JSN Network, Inc. has been in operation for more than two years.

67. Defendant JSN Network, Inc. is not offering or contributing to a qualified retirement plan, including, but not limited to, a plan qualified under Section 401(a), Section 401(k), Section 403(a), Section 403(b), Section 408(k), Section 408(p), or Section 457(b) of the Internal Revenue Code of 1986.

68. Defendant JSN Network, Inc. is required to offer or contribute to a qualified retirement plan or enroll employees in the Illinois Secure Choice retirement savings program.

69. Employees of Defendant JSN Network, Inc. were not paid for earned time off when employment was terminated.

70. Defendant JSN Network, Inc. have refused FMLA leave to employees who qualified for FMLA leave.

71. Defendant JSN Network, Inc. has divided itself into smaller entities with fewer than the statutory minimum number of employees for the express purpose of avoiding FMLA obligations.

72. Employees of Defendant JSN Network, Inc. who qualify to be a part of either the company retirement plan or Illinois Secure Choice have been denied retirement benefits.

73. As a result, the putative class at issue is so numerous that joinder of all members is impracticable.

74. JSN has a uniform practice of not providing FMLA benefits, not providing paid time off, and not providing retirement benefits under the existing plan or Illinois Secure Choice.

75. As a result, there are questions of law or fact common to the putative classes.

76. Plaintiff's claims are typical of the claims of the putative classes and/or collective.

77. Plaintiff will fairly and adequately protect the interest of the class.

78. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action and/or collective action is superior to other available methods for the fair and efficient adjudication of this controversy. Fed. Rule Civ. Pro. 23(b)(3).

79. Class action and/or collective action treatment is otherwise appropriate.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated employees, respectfully requests judgment in favor of Plaintiff and against Defendants, and award statutory and other damages, costs, attorney's fees, and all other relief that this Honorable Court deems just and proper.

## COUNT I
### (RETALATORY DISCHARGE/PUNITIVE DAMAGES)
**Brianna Castelli, on behalf of herself and all other similarly situated employees,**
**v.**
**JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins**
**Illinois Common Law Claim**

80. Plaintiff realleges paragraphs 1-79.

81. It is clearly established policy in Illinois to prevent Illinois Corporations from violating state and federal labor laws.

82. Illinois public policy encourages employees to protest violations of state and federal labor laws by their employer.

83. State and federal labor laws advance the general welfare of Illinois citizens.

84. A corporation's obedience to state and federal labor law is a clearly mandated public policy of Illinois.

11

85.     Public policy of Illinois may be found not only in the Illinois laws and judicial decisions, but it may also be found in federal law.

86.     The Illinois Supreme Court has stated a cause of action for retaliatory discharge based upon a clearly mandated public policy that has been declared by Congress and is national in scope. *Brandon v. Anesthesia & Pain Management Associates* 227 F.3d 936, 942 (7th Cir 2002) (citing *Russ v. Pension Consultants*, 182 Ill. App. 3d 769 (1989) and *Johnson v. World Color Press Inc.*, 147 Ill. App. 3d 746 (1986)).

87.     Companies in the State of Illinois are not allowed to divide themselves into smaller entities with fewer than the statutory minimum number of employees for the express purpose of avoiding obligations under both Federal and State law.

88.     Illinois law allows claims for retaliatory discharge when an employee is terminated because the employee has reported the employer's illegal conduct to the company itself. *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000); *Sutherland v. Norfolk S. Ry. Co.*, 356 Ill. App. 3d 620, 826 N.E.2d 1021 (1st Dist. 2005).

89.     Each of the businesses referenced in ¶ 9 of this Complaint have separate Employer Identification Numbers ("EINs").

90.     Each of the businesses referenced in ¶ 9 of this Complaint were given separate EINs for the express purpose of attempting to avoid the reach of Illinois and the United States employment laws.

91.     Defendant JSN Network and all the corporations listed in ¶ 9 were divided into smaller entities with fewer than the statutory minimum number of employees for the express purpose of avoiding federal and state labor laws.

92.     Defendants purposely separated the entities listed in ¶ 9 to avoid their statutory obligations under state and federal labor laws. *Moldenhauer v. Tazewell-Pekin Consol. Commun. Ctr.*, 536 F.3d 640 (2009); *Papa v. Katy Indus.*, 166 F.3d 937 (1999).

93.     Defendant JSN Network, Inc. owns and operates each of the businesses referenced in ¶ 9 of this Complaint.

94.     Defendant JSN Network, Inc. had at least 50 employees in 2023 and 2024 for at least 20 weeks.

95.     Defendant JSN Network, Inc. is the named employer for employees working at the businesses that Defendant JSN Network, Inc. owns and operates.

96.     Defendant JSN Network, Inc. has written employment contracts with employees who work at companies listed in ¶ 9 of this Complaint.

97.     At least 50 of the Defendants' employees work at a location within a 75-mile radius of Lake Zurich, Illinois.

98.     During her employment, Plaintiff complained to Defendant JSN Network that it could not deny its employees benefits under state and federal labor laws.

99.     During her employment, Plaintiff demanded that all Defendants' employees, including Plaintiff, be afforded all employment rights under Illinois and federal labor laws.

100.    After Plaintiff complained about Defendant JSN Network denying its employees benefits, Defendants fired Plaintiff and terminated her employment.

101.    The loss of employee rights affected Plaintiff and all employees of Defendants.

102.    Plaintiff's discharge was in retaliation for Plaintiff claiming that the Defendant employer was subject to state and federal labor laws.

103.    Defendant JSN Network, Inc. did not provide Plaintiff an employee handbook.

13

104. Defendant JSN Network, Inc. did not provide its employees an employee handbook.

105. Defendant JSN Network, Inc. did not provide any materials to Plaintiff explaining to her rights under Illinois or federal law.

106. Defendant JSN Network, Inc. did not provide its employees any materials explaining to their rights under Illinois or federal law.

107. Defendant JSN Network, Inc. refused to follow the state and federal labor laws.

108. All employees, including Plaintiff, have suffered emotional distress, loss of pay, loss of reputation, and other damages because of Defendants' acts and omissions.

109. The Defendants' acts were committed with fraud, malice, deliberate violence or oppression, willfully, and with gross negligence as to indicate a wanton disregard of the right of others.

### Prayer for Relief as to Count I

i. Award Plaintiff and all other employees compensatory damages for pecuniary losses, emotional pain, and mental anguish, and the costs and disbursements of this action;

ii. Award Plaintiff and all other employees punitive damages;

iii. Award Plaintiff and all other employees backpay with prejudgment interest and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

iv. Award Plaintiff and all other employees reasonable attorney's fees;

v. That Plaintiff be reinstated to her former position, or a similar position with similar pay and benefits to that from which she was wrongfully terminated;

vi. Grant such other relief as may be just and proper.

## COUNT II
### (RETALIATORY DISCHARGE / PUNITIVE DAMAGES)
**Brianna Castelli v. JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts
and Baskin Robbins
Illinois Common Law and Illinois Wage Payment and Collection Act –
820 ILCS 115/1, *et. seq.***

110.   Plaintiff realleges paragraphs 1-109.

111.   That 820 ILCS 115/114(c) provides in relevant part:

> "Any employer, or any agent of an employer, who discharges… any employee…
> because that employee has made a complaint to his employer… because he or she
> has not been paid in accordance with the provisions of this Act… is guilty of a
> Class C misdemeanor. An employee who has been unlawfully retaliated against
> shall be entitled to recover through a claim filed… in a civil action, all legal and
> equitable relief as may be appropriate."

112.   During her employment, Plaintiff complained to Defendants that it could not deny its employees benefits under the Illinois Wage Payment and Collection Act ("IWCPA").

113.   During her employment, Plaintiff complained to Defendants that it could not deny her benefits under the IWCPA.

114.   During her employment with Defendants, Plaintiff demanded that she be afforded all employment rights under Illinois and federal law.

115.   During her employment, Plaintiff demanded that all Defendants' employees be afforded all employment rights under Illinois and federal law.

116.   Defendants refused to follow the IWCPA.

117.   Defendants failed to pay employees earned vacation/personal/sick/holidays on the next regularly scheduled payday at end of their employment.

118.   Defendants forced employees to use vacation/personal/sick/holiday time if salaried employees were not provided full-time hours.

15

119.    Defendants failed to allow employees earned vacation/personal/sick/holidays to rollover to the next year.

120.    Defendants failed to allow employees who were terminated, quit, or were demoted compensation for earned vacation/personal/sick/holidays that were unused.

121.    After Plaintiff complained about Defendants denying its employees benefits under the IWCPA, Defendants fired Plaintiff and terminated her employment on April 8, 2024.

122.    The loss of employee rights under the IWCPA affected Plaintiff and all employees of Defendants.

123.    Plaintiff's discharge was in retaliation for Plaintiff claiming that the Defendants were subject to the laws contained in the IWCPA.

124.    Plaintiff's discharge violated a clearly mandated public policy.

125.    Illinois employer's payment of employees earned vacation/personal/sick/holidays at the end of their employment is a matter that strikes at the heart of citizens' social rights, duties, and responsibilities.

126.    Illinois employer's forcing salaried employees to take earned vacation/personal/sick/holidays time when they were not provided full-time hours is a matter than strikes at the heart of citizens' social rights, duties, and responsibilities.

127.    Illinois employer's failure to allow employees earned vacation/personal/sick/holidays to rollover to the next year is a matter than strikes at the heart of citizens' social rights, duties, and responsibilities.

128.    As a result of such termination, Plaintiff has incurred substantial damages.

129.    As a result of Defendants' failure to afford employees their rights under the IWCPA, other employees have incurred substantial damages.

130.    Plaintiff hereby demands both compensatory damages and punitive damages as authorized under Illinois common law.

### Prayer for Relief as to Count II

i.      Award Plaintiff and all other employees not timely paid wages, final compensation, or wage supplements the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

ii.     Award Plaintiff and all other employees the costs and disbursements of this action along with all attorney's fees;

iii.    Hold Defendants, any officers of a corporation or agents of an employer personally liable for an employee's unpaid wages or final compensation and any fees or penalties assessed.

iv.     Grant such other relief as may be just and proper.

### COUNT III
### RETALIATION UNDER THE FMLA, 29 U.S.C. § 2615(a)(2)
### (DEFENDANTS)

131.    Plaintiff realleges paragraphs 1-130.

132.    Plaintiff's discharge was in retaliation for Plaintiff claiming that the Defendant employer was subject to the laws contained in the Federal Family and Medical Leave Act.

133.    Neither Defendant JSN Network, Inc. or Defendant McHenry Donuts, Inc. had an employee handbook and therefore had no handbook explaining to employees their FMLA entitlements.

134.    The application of the FMLA to the Defendants in this case is a mandate of public policy.

135.    Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

17

136.     Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer from discriminating against or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

137.     Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer from discharging or in any other way discriminating against any person, whether or not an employee, for opposing or complaining about any unlawful practice under the FMLA.

138.     All persons, whether or not employers, are prohibited from discharging or in any other way discriminating against any person, whether or not an employee, because that person has —

    a.  Filed any charge, has instituted, or caused to be instituted, any proceeding under or related to the FMLA;

    b.  Given, or is about to give, any information in connection with an inquiry or proceeding relating to any right under the FMLA; or

    c.  Testified, or is about to testify, in any inquiry or proceeding relating to a right under the FMLA.

139.     FMLA is designed to help employees balance their work and family responsibilities by allowing them to take reasonable unpaid leave for certain family and medical reasons. It also seeks to accommodate the legitimate interests of employers and promote equal employment opportunity for men and women.

140.     Plaintiff engaged in a FMLA-protected activity when she requested a leave of absence to care for her child with autism.

141.     After she requested a leave of absence, Plaintiff was fired.

142.     Defendants terminated Plaintiff's employment during her leave of absence, a FMLA-protected activity.

18

143. Defendants failed to provide Plaintiff with an equivalent job following her leave of absence.

144. Defendant JSN Network, Inc. has divided itself into smaller entities with fewer than the statutory minimum number of employees for the express purpose of avoiding federal laws, including but not limited to the FMLA.

145. Plaintiff has suffered emotional distress, loss of pay, loss of reputation, and other damages as a result of Defendants' acts and omissions.

146. The Defendants' acts were committed with fraud, malice, deliberate violence or oppression, willfully, and with gross negligence as to indicate a wanton disregard of the right of others.

### Prayer for Relief as to Count III

i.  That Plaintiff and other employees similarly situated be awarded all wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in an amount exceeding $75,000.00 to be determined at trial;

ii. That Plaintiff and other employees similarly situated be awarded interest on the amount awarded at trial at the prevailing rate;

iii. That Plaintiff and other employees similarly situated be awarded liquidated damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in the amount proven at trial, plus interest at the prevailing rate;

iv. That Plaintiff and other employees similarly situated be awarded compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorney's fees, expert witness fees, and the costs and disbursements of this action;

v.  Grant such other relief as may be just and proper.

### COUNT IV
### FMLA INTERFERENCE CLAIM, 29 U.S.C. § 2615(a)(1)
### (DEFENDANTS)

147. Plaintiff realleges paragraphs 1-146.

19

148.    The FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615(a)(1).

149.    Plaintiff was eligible for FMLA protections.

150.    Defendants were covered employers under the FMLA.

151.    Plaintiff was entitled to leave under the FMLA to care for her child with autism.

152.    Plaintiff provided sufficient notice to Defendants of her intent to take leave protected under the FMLA.

153.    Plaintiff was fired after she attempted to and/or exercised her right to FMLA leave.

154.    Defendants failed to explain FMLA benefits and leave rights to Plaintiff when she requested leave.

155.    Defendants told Plaintiff that they were not required to give her FMLA leave.

156.    Defendants refused to grant or accept Plaintiff's request FMLA leave.

157.    Defendants discouraged Plaintiff from taking FMLA leave.

158.    Defendants refused to provide Plaintiff an equivalent job following her FMLA leave.

### Prayer for Relief as to Count IV

i.      That Plaintiff and other employees similarly situated be awarded all wages, salary, employment benefits, and other compensation lost as a result of Defendants' wrongful conduct in an amount exceeding $75,000.00 to be determined at trial;

ii.     That Plaintiff and other employees similarly situated be awarded interest on the amount awarded at trial at the prevailing rate;

iii.    That Plaintiff and other employees similarly situated be awarded liquidated damages in an amount equal to all lost wages, salary, employment benefits, and

other compensation lost as a result of Defendants' wrongful conduct in the amount proven at trial, plus interest at the prevailing rate;

iv.  That Plaintiff and other employees similarly situated be awarded compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorney's fees, expert witness fees, and the costs and disbursements of this action;

v.  Grant such other relief as may be just and proper.

## CONCLUSION

WHEREFORE, Plaintiff, BRIANNA CASTELLI, on behalf of herself and all other similarly situated employees, respectfully requests that judgment be entered against Defendants, JSN Network, Inc. and McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins, and that the Court award her the relief following each count and such other relief as may be just and proper.

Dated: October 28, 2024                                SINSON LAW GROUP

                                                       /s/ Kent D. Sinson
                                                       Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax

21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRIANNA CASTELLI, Individually and as Class Representative | |
| Plaintiff, | Case No. 1:24-cv-04574 |
| v. | **JURY DEMAND** |
| JSN NETWORK, INC. AND MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS & BASKIN ROBBINS, | |
| Defendant. | |

## JURY DEMAND

In accordance with Rule 5(d), the undersigned demands a jury trial.

Dated: October 28, 2024

SINSON LAW GROUP

/s/ Kent D. Sinson

Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax

22