IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRIANNA CASTELLI, Individually and as Class Representative<br><br>                          Plaintiff,<br>  v.<br><br>JSN NETWORK, INC. and MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS AND BASKIN ROBBINS,<br><br>                          Defendant. | Case No. 1:24-cv-04574<br><br>Hon. Jeremy C. Daniel, District Judge |

**PLAINTIFF'S MOTION FOR A 90-DAY EXTENSION OF TIME TO SERVE MCHENRY DONUTS THROUGH ALTERNATIVE MEANS**

NOW COMES the Plaintiff, BRIANNA CASTELLI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, pursuant to Fed. R. Civ. P. 4(m), respectfully requests a 90-Day Extension of Time to Serve McHenry Donuts Inc. Through Alternative Means:

**I.    Background**

McHenry Donuts has treated this legal process the same way it does business: like the law does not apply to them. As alleged in the complaint, Defendant JSN Network owns and operates numerous entities throughout Illinois and has ensured that each business is given a separate EIN to avoid federal and state employment laws. JSN Network is the parent corporation that has assumably created shell corporations. Despite notice and service upon JSN Network, its shell corporation, McHenry Donuts has created confusion, changed courses, and attempted to evade service. McHenry Donuts has now instructed its attorney to refuse service in this case. Plaintiff has continually attempted to provide notice, obtain a waiver of service, and thereafter

serve McHenry Donuts. Even while pursuing multiple attempts at serving McHenry Donuts and before the March 14, 2025, extension to serve McHenry Donuts had expired (*see* Dkt. 56:4), McHenry Donuts' filed its second motion dismiss, pursuant to Rule 12(b)(4) & (5). Dkts. 69, 70. McHenry Donuts deliberately continues to evade service. It should not be permitted to intentionally avoid service and benefit from a dismissal with prejudice.

For the second time, Plaintiff contends that it properly served McHenry Donuts, but if it did not, Plaintiff respectfully requests that this Court find that Plaintiff has demonstrated good cause to justify the delay of service and order that service be made within 90 days. *See* Fed. R. Civ. P. 4(m). "Good cause means a valid reason for delay[.]" *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002).

> II. **Plaintiff's Attempts to Serve McHenry Donuts Prior to the Courts February 3, 2025, Order Granting Plaintiff An Extension of Time to March 14, 2025 to Serve McHenry Donuts**

A timeline of events is critical to understanding the Plaintiff's attempts to obtain the waiver and confusion that followed.

- 6/3/24- Complaint filed by Brianna Castelli (Dkt. 3)

- 6/5/24- Waiver of Service sent to Defendant JSN Network via FedEx

- 6/5/24- Waiver of Service sent to Defendant McHenry Donuts via FedEx 2Day (Tracking number 776714184509); delivered on 6/6/24 at 12:24pm and signed for by S. Patel at the 485 S. Rand Rd., Lake Zurich, IL address listed on the Secretary of State's Website. *See* Dkt. 43-3: 2.

- 6/25/24- Undersigned counsel received an email from Andrew Kolb, the attorney for both Defendants, who stated, "Please see the attached Waiver of Service on behalf of both defendants in the above-captioned cause. We are preparing a 12(b)(6) motion and will provide copies shortly."

    o Suresh Patel, the registered agent and owner of Defendant McHenry Donuts, was cc'd on Andrew Kolb's email. *Id*.

- 7/30/24- Undersigned counsel emailed Andrew Kolb and informed him that McHenry Donuts never signed the waiver and is in default.

- 8/1/24- Stephanie Dinkel emailed counsel and informed him that she would be appearing as lead counsel for Defendant JSN Network. She stated that Mr. Kolb would no longer be appearing, and that Mr. Kolb had only accepted service on behalf of JSN Network. Ms. Dinkel claimed that there was no waiver of service sent over for McHenry Donuts. She stated that she could accept a waiver on behalf of McHenry Donuts. (Dkt. 43-2: 7-8).

- 8/2/24- Mr. Sinson's office informed Ms. Dinkel that McHenry Donuts had already received the waiver of service and attached the FedEx receipt demonstrating that the waiver of service had been delivered to registered agent Suresh Patel on 6/6/24 (Tracking number 776714184509). (Dkt. 43-2: 2-6).

    - Ms. Dinkel somehow obtained a different tracking number and says that it only shows that the label was created and not delivered
    - Mr. Sinson's office responds that she is referring to the tracking number for the return label that was included with the Waiver of Service. The correct tracking number demonstrates that it was delivered to the registered agent Suresh Patel.
    - Ms. Dinkel then inexplicably responds that "they did not receive it."
    - Mr. Sinson's office sends the proof of delivery from FedEx demonstrating that it was received on 6/6/24 and signed for by Suresh Patel.
    - Ms. Dinkel again responds, "Mr. Patel did not receive the FedEx package."
    - Mr. Sinson replied that it appeared that Mr. Patel is now claiming that FedEx is lying.

- 8/7/24- Mr. Sinson's Office requested a summons from Intake in the Clerk's Office of the ILND. The first two attempts were done incorrectly, and Intake asked for them to be corrected.

- 8/8/24- The ILND Clerk's Office issued a summons as to Defendant McHenry Donuts, and this text appeared on the docket at 1:13pm. Ms. Dinkel received electronic notice through the CM/ECF system.

    - No document was entered on the docket, but the signed/sealed was emailed to Mr. Sinson's office at 1:15pm.

- Following the clerk's issuance of the summons, Sinson Law Group intended to have Defendant McHenry Donuts served through Tri-County Investigations. However, the new legal assistant inadvertently assumed that the other legal assistant had placed the summons for service with the process server. As soon as she learned of the mistake, the assistant immediately followed up with Tri-County Investigations and requested that service be effectuated. (*Id.*, ¶7).

3

- 10/30/24- Request was made through Tri-County Investigations to have McHenry Donuts served

- 11/4/24- Tri-County Investigations attempted to obtain service at both addresses for Suresh Patel, Registered Agent and President for Defendant McHenry Donuts.

    - Tri-County served the manager, Asher, at the address listed on the IL SOS Business Entity Search, 485 S. Rand Rd., Lake Zurich, IL. (Dkt. 34). According to the server, he spoke with the manager, Asher, who then called Suresh Patel on the phone. Asher then stated to the server that Mr. Patel was out of town for a few weeks and should return next month.

    - Tri-County also attempted to serve Suresh Patel at his alternate address listed with the IL SOS in Hawthorne Woods, IL. The current homeowner stated that Mr. Patel was the previous owner and had not lived there in 3 years. Despite filing the updated annual report on 12/11/2023, Mr. Patel had not (and still has not) updated his address.

    - On 11/27/2024, McHenry Donuts filed its corporate annual report with the State of Illinois. Here, it lists its president at the address in Hawthorn Woods that he has not lived at for 3 years and list the principal address of the corporation (and the address of the director Jayantilal Patel) as 1180 Heather Dr., Lake Zurich, IL 60047. This is the same address as Defendant JSN Network.

- 11/6/24- Plaintiff filed an Affidavit of Service regarding Summons with Complaint served on McHenry Donuts on 11/4/24 (Dkt. 34).

- The record does not establish any attempt by Ms. Dinkel to confer with Plaintiff's counsel after the November 4th service. Additionally, Ms. Dinkel "did not assist in achieving service—arguably an affirmative obligation of an attorney who is also an officer of the court." *Strong v. Ind. Dep't of Corr.*, No. 3:22-CV-428-JD-MGG, 2022 U.S. Dist. LEXIS 209454, at *17-18 (N.D. Ind. Nov. 18, 2022).

- 11/19/24- Defendant JSN Network filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkts. 35/36).

- 11/19/24- Ms. Dinkel- for the first time, filed her appearance on behalf of Defendant McHenry Donuts (Dkt. 37). She then filed a motion for leave to file an oversized motion and indicated for the first time that McHenry Donuts intended to move to dismiss the complaint for lack of jurisdiction based on service issues (Dtks. 39). This was the first time Plaintiff learned that Defendant believed there were problems with the 11/4/24 service. Plaintiff received no communication from Ms. Dinkel following that service on 11/4/24.

- On the morning of 11/22/24, undersigned counsel reached out to Ms. Dinkel and stated "I understand that we disagree on whether Defendant McHenry Donuts was

4

properly served. However, in order to avoid unnecessary motion practice and waste judicial resources, if we issue you a new waiver of service as counsel of record, will you waive service? If you will, we will have that sent over and are agreeable to 60 days to file your answer or otherwise plead."

- On 11/25/24, Ms. Dinkel responded that she was not authorized to accept a waiver. "The reasons for such are set forth in McHenry's Motion to Dismiss, which was already drafted/completed at the time of receipt of your email."

- On 11/25/24, McHenry Donuts filed its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6). (Dkts. 42, 43).

- Plaintiff has continued to attempt service on McHenry Donuts' Director, Jayantilal Patel, at the listed address of 1180 Heather Dr., Lake Zurich, IL 60047. Plaintiff's special process server attempted service on the Director at this address on December 10, 11, 12, and 13th during business hours. In a sworn affidavit, the server stated, "This is a commercial building, and the unit door has remained locked, lights have been on, there have been cars parked in the lot, unit appears occupied, JSN is printed on the unit door, but no one comes to the door when I have knocked repeatedly and there is no bell/intercom system available.

III. **Plaintiff's Attempts to Serve McHenry Donuts Since This Courts February 3, 2025, Extension of Time to Effectuate Service**

- On February 3, 2025, plaintiff's counsel emailed Ms. Dinkel, counsel for McHenry Donuts: "You have until February 5, 2025, at noon to either accept service on McHenry Donuts or provide a date time and location that the registered agent will accept service." Counsel for McHenry Donuts still has not responded to this email.

- On February 7, 2025, plaintiff sent a subpoena to Ms. Dinkel, counsel for McHenry Donuts, requesting production of the current work and home address of Suresh Patel. On February 14, 2025, counsel for McHenry Donuts, Ms. Dinkel, responded with a litany of objections.

    o Among the contentions of counsel for McHenry Donuts, Ms. Dinkel, is that Suresh Patel's home address is publicly available on the Illinois Secretary of State website. This is inaccurate as far as plaintiffs are aware. Counsel for McHenry Donuts, Ms. Dinkel, also claimed, "the information sought is attorney client privileged, my clients have not consented to waive that privilege." However, in identical circumstances in *Suagra v. Lee* 13 Ill. App. 2d 76 (1957) the Court held "we are of the opinion that the address of the client, under the circumstances involved in this case would not be subject to the rules of privilege."

- On February 11, 2025, this Court issued two Alias Summons to be served on McHenry Donuts (DKT #64).

- On February 12, 2025, Plaintiff's served McHenry Donuts the Alias Summons and Complaint in this case on Bindu Patel who indicated she was the Head of HR. The process server's affidavit specifically attests under oath:

  > "I stated that I have Court documents for McHenry Donuts/JSN Network, and I understand both have offices here. Ms. Patel confirmed and responded that she is authorized to accept service."

- On February 18, 2025, plaintiffs filed the affidavit of service with this Court. (DKT #65).

- On February 19, 2025, counsel for plaintiff emailed Ms. Dinkel, counsel for McHenry Donuts: "We filed our affidavit of service with the Court yesterday. If you still think your client has not been served, please notify us of your position by the end of the business day." Counsel for McHenry Donuts, Ms. Dinkel, never responded to this email.

- On February 27, 2025, counsel for plaintiff emailed Ms. Dinkel, counsel for McHenry Donuts: "In your opinion was McHenry Donuts served?" Counsel for McHenry Donuts, Ms. Dinkel, never responded to this email.

- Plaintiff then learned that at the same address the process server had served Bindu Patel on February 12, 2025, there was a 2021 Porsche Cayenne registered to Suresh Patel. The same Suresh Patel that owned the Porsche had an associated home address located in Barrington, Illinois. The Porsche is registered through November 30, 2025, to Suresh Patel.

- On March 5, 2025, McHenry Donuts filed a motion claiming there was no valid service on McHenry Donuts. (DKT #70). Ms. Patel's affidavit claimed that as a new HR manager, she did not have the authority to accept service on behalf of McHenry Donuts. She claimed that she could not accept the Summons and Complaint because the process server did not explain to her, they were legal documents or what she should do with the documents after receiving them. (DKT #70, p.2). There is no authority that these are legal requirements for valid service.

- The process server verified, under oath, the following:

  1. I attempted service at [redacted], Barrington, IL 60010, on 3/7/25 at 12:48pm and 3/12/25 at 1:30pm. This address is a single-family residence that remained dark and quiet, and I did not receive a response at the door, even after I knocked repeatedly for several minutes. There were no vehicles present in the driveway at any time. I was unable to contact the defendant or any other occupants of this residence at any time.

  2. I attempted service at 485 S Rand Road, Lake Zurich, IL 60047, on 3/7/25 at 1:02 pm and 3/12/25 at 1:15 pm. The current business occupying this store front is a Dunkin Donuts and Baskin Robbins. I spoke with

various employees here, who stated that the defendant is not currently in the store, that he does not have a set schedule, and they do not know when he will be stopping by here again next. One employee stated that they have not seen him in over a month. I was unable to locate the defendant personally here at any time.

### IV. **This Court may order that McHenry Donuts may be served by alternative means**

Having exhausted other methods of service, Plaintiff requests that she be permitted to serve McHenry Donuts by alternative means. Fed. R. Civ. P. 4(e)(1). Rule 4(e)(1) provides that service of a summons and complaint may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Fifth Third Bank v. Malone*, No. 09-cv-6578, 2010 U.S. Dist. LEXIS 4352, at *3-4 (N.D. Ill. Jan. 20, 2010). Similar to federal law, Illinois Code generally permits service on an individual "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a). However, if service is "impractical" under the methods set forth in Section 2-203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1. A motion to approve service under Section 5/2-203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re*

7

*Schmitt*, 321 Ill. App. 3d 360, 367, 747 N.E.2d 524, 254 Ill. Dec. 484 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id*. at 367-68.

A corporation also may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1) & (e)(1). Illinois law provides that "[a] private corporation may be served . . . by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 ILCS 5/2-204(1); *Acosta v. Ashley's Quality Care, Inc.*, No. 16 C 5393, 2018 U.S. Dist. LEXIS 57088, at *4 (N.D. Ill. Apr. 4, 2018).

Plaintiff has made numerous unsuccessful efforts to serve McHenry Donuts notwithstanding a thorough "investigation made to determine the whereabouts of the defendant" and explanation of "the reasons why service is impractical." This Court may find that this is an appropriate case for an order prospectively authorizing alternative service under Fed. R. Civ. P. 4(e)(1) and 735 ILCS 5/2-203.1. There is good reason to believe that the defendant is consciously and actively trying to evade service. Due process requires notice that is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314-15, 70 S. Ct. 652, 657 (1950) ("But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied").

"The Illinois courts have indicated that service on an attorney for the defendant may suffice as 'a comparable method' when service through the traditional methods is 'impractical.'" *Malone*,

2010 U.S. Dist. LEXIS 4352, at *8 (quoting *In re Marriage of Schmitt,* 321 Ill. App. 3d at 370; *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 986-87, 284 Ill. Dec. 799, 810 N.E.2d 589 (2004) (Kapala, J., dissenting). Here, the record establishes that McHenry Donuts is represented by counsel of record, Stephanie Dinkel of Koehler Dinkel LLC in this case. And, as in *Marriage of Schmitt,* "it is reasonable to believe" that an attorney would advise his client that he had been served on the client's behalf. 321 Ill. App. 3d at 370. In this case, Ms. Dinkel told plaintiffs that she was instructed by McHenry Donuts not to waive service so she clearly is in communication with McHenry Donuts. Accordingly, consistent with Fed. R. Civ. P. 4(e), 735 ILCS 5/2-203.1, and the requirements of due process, this Court may authorize Plaintiff to serve McHenry Donuts with the summons and operative complaint in care of her attorneys at the Koehler Dinkel law firm by (a) mailing a copy of the summons and complaint in a sealed envelope with postage fully prepaid via regular and certified, return receipt requested mail addressed to Malone at her residence at 900 South Frontage Road, Suite 300, Woodridge, Illinois 60517; (b) mailing a copy of the summons and complaint in a sealed envelope with postage fully prepaid via regular and certified, return receipt requested mail addressed to McHenry Donuts in care of its attorneys at Koehler Dinkel, LLC; and (c) delivering by hand a copy of the summons and complaint in a sealed envelope addressed to her in care of its attorneys at Koehler Dinkel, LLC.

The other option is to serve McHenry Donuts through the Secretary of State. *See* 805 ILCS 5/5.25:

Service of Process on domestic or foreign corporation:

> Sec. 5.25. Service of process on domestic or foreign corporation.
> (a) Any process, notice, or demand required or permitted by law to be served upon a domestic corporation or a foreign corporation having authority to transact business in this State may be served either upon the registered agent appointed by the corporation or upon the Secretary of State as provided in this Section.

9

> (b) The Secretary of State shall be irrevocably appointed as an agent of a domestic corporation or of a foreign corporation having authority upon whom any process, notice or demand may be served:
>
> **(2) Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State, or**
>
> (c) Service under subsection (b) shall be made by:
> (1) Service on the Secretary of State, or on any clerk having charge of the corporation division of his or her office, of a copy of the process, notice or demand, together with any papers required by law to be delivered in connection with service, and a fee as prescribed by subsection (b) of Section 15.15 of this Act;
> (2) Transmittal by the person instituting the action, suit or proceeding of notice of the service on the Secretary of State and a copy of the process, notice or demand and accompanying papers to the corporation being served, by registered or certified mail:
> (i) At the last registered office of the corporation as shown by the records on file in the office of the Secretary of State; and
> (ii) At such address the use of which the person instituting the action, suit or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice; and
> (3) Appendage, by the person instituting the action, suit or proceeding, of an affidavit of compliance with this Section, in substantially such form as the Secretary of State may by rule or regulation prescribe, to the process, notice or demand.

It has already been determined that Mr. Patel does not live at the alternative address provided for McHenry's registered agent. (Dkt. 56: 3; Dkt. 50: 5-6) (noting that the process server attempted to serve Mr. Patel at his home and was informed by the owners that they bought the house from Mr. Patel three years earlier). This Court also stated that "Mr. Patel has not kept his address current on McHenry's corporate records. Furthermore, McHenry's principal address appears to be inaccessible for service of process purposes." (Dkt. 56: 4). As explained above, repeated efforts by Plaintiff's process server have been unsuccessful, and McHenry Donuts continues to evade service. Service to the Secretary of State is an option for alternative service.

### V.    Conclusion

10

For the reasons stated, Ms. Castelli respectfully requests that this Court grant her an additional 90 days to serve McHenry Donuts. In addition, she requests that this Court allow her to serve McHenry by alternative means through service to Koehler Dinkel, LLC, the Illinois Secretary of State, or by any other means favored by this Court.

Dated: March 13, 2025                                   Respectfully Submitted,

                                                        /s:/ *Kent D. Sinson*
                                                        Kent D. Sinson, Attorney for Defendant

Kent D. Sinson (ARDC No.: 6196953)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle St., Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system and served, by the electronic filing system, upon all attorneys of record, on this 13th day of March, 2025.

**Attorney for JSN Network, Inc. and McHenry Donuts, Inc.**

| | |
|---|---|
| Stephani M. Dinkel | sdinkel@kdllclaw.com |
| KOEHLER DINKEL LLC | jlee@kdllclaw.com |
| 900 S. Frontage Road, Ste 300 | sgomez@kdllclaw.com |
| Woodridge, IL 60517 | svanek@kdllclaw.com |
| Office: (630) 505-9939 | |
| Cell: (312) 405-7179 | |

SINSON LAW GROUP

/s:/ *Kent D. Sinson*
Kent D. Sinson, Attorney for Defendant

SINSON LAW GROUP
100 N. LaSalle St., Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Facsimile