UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA CASTELLI,<br>    Plaintiff<br><br>v.<br><br>JSN NETWORK, INC., and MCHENRY DONUTS, INC., *d/b/a Dunkin' Donuts/Baskin Robbins*,<br>    Defendants | No. 24 CV 4574<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant McHenry Donuts, Inc.'s motion to dismiss the plaintiff's state law retaliatory discharge claims [69] is granted. The plaintiff's motion to disqualify counsel [76] is denied.

## STATEMENT

**Defendant McHenry Donuts, Inc.'s Motion to Dismiss**

The defendant, McHenry Donuts, Inc., ("McHenry") seeks to dismiss the plaintiff's state law retaliatory discharge claims as presented in Counts I and II of the first amended complaint, (R. 32 ("FAC")). (R. 70 at 1–2.)[1] The Court previously dismissed these claims as to co-defendant JSN Networks, Inc. (R. 56 at 1.) However, the Court did not dismiss these claims as to McHenry because the Court granted McHenry's motion to dismiss the entire complaint for lack of proper service. (*Id.*).

State law retaliatory discharge claims may only be brought where "a matter [] strike[s] at the heart of a citizen's social rights, duties, and responsibilities," *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 878–79 (Ill. 1981), and where there are not other safeguards and remedies available, *Jacobson v. Knepper & Moga, P.C.*, 706 N.E.2d 491, 494 (Ill. 1998).[2] In ruling on JSN's motion to dismiss, the Court concluded that plaintiff's claims satisfied neither of these conditions. (R. 56 at 3–4.) The FAC has not been amended since the Court's order on these previous motions to

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] In questions of Illinois law this Court follows the decisions of the Illinois Supreme Court. *Cozzi Iron & Metal, Inc. v. U.S. Off. Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001).

dismiss, and nothing in the parties' briefing convinces the Court the outcome for McHenry should be any different from the outcome for JSN. (*See generally* R. 70, 87, 89.) Accordingly, the Court grants McHenry's partial motion to dismiss for the reasons given at (R. 56).

**Plaintiff's Motion to Disqualify**

The plaintiff moves to disqualify defendant's counsel from representing third party witness Cassidy Stark at her deposition, (R. 76 at 1), and further seeks entry of a protective order prohibiting the defendants "from directing potential deponents to any particular attorney or law firm, and from otherwise putting pressure on potential deponents to retain counsel," (R. 76-1 at 2.) The plaintiff asserts that defense counsel, Stephanie Dinkel of Koehler Dinkel LLC, improperly solicited Ms. Stark as a client to "gain an obvious and substantial tactical advantage in this litigation [which] is an impropriety that . . . undercuts the integrity of these court proceeding." (R. 76 at 2.) According to the plaintiff, defense counsel's representation of Ms. Stark violates the Illinois Rules of Professional Conduct against solicitation of clients and results in a waiver of attorney-client privilege. (*Id.* at 3, 10.) These arguments are not persuasive.

Starting with the Illinois Rules of Professional Conduct, the plaintiff fails to convince the Court that defense counsel violated these rules. As relevant here, a lawyer may not solicit clients where "a significant motive for the lawyer's doing so is the lawyer's pecuniary gain" or "the solicitation involves coercion, duress or harassment." Il. R. S. Ct. RPC Rule 7.3. In opposition to the plaintiff's motion, the defendants submitted a declaration by Ms. Stark detailing how she came to retain Ms. Dinkel as counsel. (*See* R. 84-1.) She states that her former employer, the defendant JSN, reached out to discuss the subpoena. (*Id.* ¶¶ 5–6.) During that conversation, Ms. Stark expressed an interest in speaking with counsel and authorized JSN to give its attorneys her contact information. (*Id.* ¶ 7.) Following an email exchange, Ms. Stark called Ms. Dinkel. (*Id.* ¶ 9.) Ms. Dinkel informed Ms. Stark that she was not required to retain counsel, but if she chose to, she was free to retain counsel of her choice. (*Id.*) Only after Ms. Stark expressed a desire for counsel did Ms. Dinkel offer her services. (*Id.*) Ms. Dinkel provided Ms. Stark with a retainer agreement, which Ms. Stark reviewed, before agreeing to retain Koehler Dinkel LLC. (*Id.* ¶¶ 10–11.) Ms. Stark also declares that she consulted with "outside parties" before making a decision. (*Id.*) Nothing in Ms. Stark's declaration indicates that Ms. Dinkel was motivated significantly by pecuniary gain, nor that Ms. Stark was subject to coercion, duress or harassment.

Furthermore, the plaintiff puts nothing before the Court that leads it to conclude that Ms. Dinkel acted improperly. The vast majority of authorities the plaintiff cites are out-of-circuit and out-of-state decisions interpreting the professional conduct rules of other jurisdictions. (*See, e.g.*, R. 76 at 4–5 (citing Fifth Circuit, Northern District of Mississippi, and New York state decisions).) To the extent the plaintiff does cite in-circuit persuasive authority, it justifies defense counsel's conduct. The plaintiffs cite

*Aspgren v. Montgomery Ward & Co.*, a case with some 200 depositions, including many third party / former employee witnesses. No. 82 C 7277, 1984 WL 49011 at *1 (N.D. Ill. Nov. 19, 1984). There, the court sought to balance the defendant's legitimate interest in having its counsel represent these former employees at deposition with a need to "protect[] the former employees from potential solicitation." *Id*. To do this, the court fashioned an order structuring the interaction between counsel and former employee witnesses. *Id*. at *5. Counsel could "contact former employees before their depositions and explain that they can either go unrepresented or hire an attorney for the deposition." *Id*. An offer to represent the witness could only be made after the witness expressed a desire for counsel. *Id*. While the Court here has issued no such order mandating counsel behave in this manner, Ms. Dinkel nevertheless behaved in accordance with the guidance from *Aspgren*. She explained that Ms. Stark could, but was not required to, hire counsel of her choosing. (R. 84-1 ¶ 9.) And she did not offer her services until Ms. Stark expressed a desire for counsel. (*Id*.) There is simply no evidence that defense counsel's conduct ran afoul of the Rules of Professional Conduct.

As for the waiver of attorney-client privilege, this issue is premature. Neither the defendants nor Ms. Stark have made any claims of attorney-client privilege. (R. 84 at 10–11.)

The plaintiff's motion to disqualify is denied.

Date: May 13, 2025

JEREMY C. DANIEL
United States District Judge

3